UNITED STATES ET AL. *v.* JOHNSON.

No. 840.   Argued May 11, 12, 1943.—Decided May 24, 1943.

*Mr. Paul A. Freund,* with whom *Solicitor General Fahy, Assistant Attorney General Tom C. Clark,* and *Messrs. Kenneth L. Kimble, Robert L. Wright, Richard S. Salant,* and *Thomas I. Emerson* were on the brief, for the United States.

*Mr. Vernon M. Welsh,* with whom *Mr. Weymouth Kirkland* was on the brief, for appellee.

PER CURIAM.

One Roach, a tenant of residential property belonging to appellee, brought this suit in the district court alleging that the property was within a "defense rental area" established by the Price Administrator pursuant to §§ 2 (b) and 302 (d) of the Emergency Price Control Act of 1942, 56 Stat. 23; that the Administrator had promulgated Maximum Rent Regulation No. 8 for the area; and that the rent paid by Roach and collected by appellee was in

excess of the maximum fixed by the regulation. The complaint demanded judgment for treble damages and reasonable attorney's fees, as prescribed by § 205 (e) of the Act. The United States, intervening pursuant to 28 U. S. C. § 401, filed a brief in support of the constitutionality of the Act, which appellee had challenged by motion to dismiss. The district court dismissed the complaint on the ground—as appears from its opinion (48 F. Supp. 833) and judgment—that the Act and the promulgation of the regulation under it were unconstitutional because Congress by the Act had unconstitutionally delegated legislative power to the Administrator.

Before entry of the order dismissing the complaint, the Government moved to reopen the case on the ground that it was collusive and did not involve a real case or controversy. This motion was denied. The Government brings the case here on appeal under § 2 of the Act of August 24, 1937, 50 Stat. 752, 28 U. S. C. § 349a, and assigns as error both the ruling of the district court on the constitutionality of the Act, and its refusal to reopen and dismiss the case as collusive.

The appeal of the plaintiff Roach to this Court was also allowed by the district court and is now pending. But this appeal has not been docketed here because of his neglect to comply with the Rules of this Court. As the record is now before us on the Government's appeal, we have directed that the two appeals be consolidated and heard as one case. We accordingly find it unnecessary to consider the question which we requested counsel to discuss, "whether any case or controversy exists reviewable in this Court, in the absence of an appeal by the party plaintiff in the district court."

The affidavit of the plaintiff, submitted by the Government on its motion to dismiss the suit as collusive, shows without contradiction that he brought the present pro-

ceeding in a fictitious name; that it was instituted as a "friendly suit" at appellee's request; that the plaintiff did not employ, pay, or even meet, the attorney who appeared of record in his behalf; that he had no knowledge who paid the $15 filing fee in the district court, but was assured by appellee that as plaintiff he would incur no expense in bringing the suit; that he did not read the complaint which was filed in his name as plaintiff; that in his conferences with the appellee and appellee's attorney of record, nothing was said concerning treble damages and he had no knowledge of the amount of the judgment prayed until he read of it in a local newspaper.

Appellee's counter-affidavit did not deny these allegations. It admitted that appellee's attorney had undertaken to procure an attorney to represent the plaintiff and had assured the plaintiff that his presence in court during the trial of the cause would not be necessary. It appears from the district court's opinion that no brief was filed on the plaintiff's behalf in that court.

The Government does not contend that, as a result of this coöperation of the two original parties to the litigation, any false or fictitious state of facts was submitted to the court. But it does insist that the affidavits disclose the absence of a genuine adversary issue between the parties, without which a court may not safely proceed to judgment, especially when it assumes the grave responsibility of passing upon the constitutional validity of legislative action. Even in a litigation where only private rights are involved, the judgment will not be allowed to stand where one of the parties has dominated the conduct of the suit by payment of the fees of both. *Gardner* v. *Goodyear Dental Vulcanite Co.,* 131 U. S. Appendix, ciii.

Here an important public interest is at stake—the validity of an Act of Congress having far-reaching effects

on the public welfare in one of the most critical periods in the history of the country. That interest has been adjudicated in a proceeding in which the plaintiff has had no active participation, over which he has exercised no control, and the expense of which he has not borne. He has been only nominally represented by counsel who was selected by appellee's counsel and whom he has never seen. Such a suit is collusive because it is not in any real sense adversary. It does not assume the "honest and actual antagonistic assertion of rights" to be adjudicated—a safeguard essential to the integrity of the judicial process, and one which we have held to be indispensable to adjudication of constitutional questions by this Court. *Chicago & Grand Trunk Ry. Co.* v. *Wellman,* 143 U. S. 339, 345; and see *Lord* v. *Veazie,* 8 How. 251; *Cleveland* v. *Chamberlain,* 1 Black 419; *Bartemeyer* v. *Iowa,* 18 Wall. 129, 134–35; *Atherton Mills* v. *Johnston,* 259 U. S. 13, 15. Whenever in the course of litigation such a defect in the proceedings is brought to the court's attention, it may set aside any adjudication thus procured and dismiss the cause without entering judgment on the merits. It is the court's duty to do so where, as here, the public interest has been placed at hazard by the amenities of parties to a suit conducted under the domination of only one of them. The district court should have granted the Government's motion to dismiss the suit as collusive. We accordingly vacate the judgment below with instructions to the district court to dismiss the cause on that ground alone. Under the statute, 28 U. S. C. § 401, the Government is liable for costs which may be taxed as in a suit between private litigants; costs in this Court will be taxed against appellee.

*So ordered.*