HERTHA SHERWOOD, Appellant, v. LEO SHERWOOD, Respondent.

First Department, January 28, 1958.

*Roy Berlin (Beatrice Rothaus* of counsel), for appellant.

*Frank G. Wittenberg* of counsel (*Katz, Wittenberg & Katz,* attorneys), for respondent.

*Per Curiam.* In this suit for separation brought by the wife on the grounds of the husband's alleged adultery and cruel and inhuman treatment, defendant, in addition to denials, has pleaded as defenses — condonation, plaintiff's abandonment and her alleged adultery in 1951. The charge of the wife's adultery also forms the basis for a counterclaim for separation. Defendant who is now in Holland, claims to be a resident of that country. He is in default in making any payments of temporary alimony and counsel fees ordered by the court.

This appeal is from an order granting defendant's motion to take his own deposition in Holland, pursuant to section 288 of the Civil Practice Act to be used on the trial in support of his defense of adultery. Appellant urges that defendant's failure to comply with the order of the court directing payment of alimony and counsel fee estops him from proceeding affirmatively in this action, including the taking of his own deposition.

Since the decision of *Hovey* v. *Elliott* (167 U. S. 409) the courts of this State have held that a defendant in a matrimonial action may not be deprived of his right to defend the suit because of a failure to comply with an order directing the payment of alimony and counsel fees. (*Landry* v. *Landry,* 215 App. Div. 316; *Gray* v. *Gray,* 162 App. Div. 586; *Sibley* v. *Sibley,* 76 App. Div. 132; see Ann. 62 A. L. R. 663.) But this right to defend does not include a privilege to take any progressive steps in the action.

While defendant in this case is the moving party — and in that sense the motion represents an affirmative step — it cannot be said that the taking of his own deposition for use on the trial is a progressive step in the action. His deposition, if used, will merely be in substitution of his own testimony were he present at the trial. It is the only method by which he may prove his defense if he is to remain in Holland. Thus, to have denied the motion because of defendant's contumacy would have been tantamount to depriving him of his constitutional right to defend the action.

Special Term properly permitted the deposition to be taken upon written interrogatories. There is no necessity for an oral commission.

The order should be affirmed, without costs.

Botein, P. J., Valente, McNally, Stevens and Bergan, JJ., concur.

Order unanimously affirmed.