TIMES FILM CORPORATION, a New York Corporation, Plaintiff,

v.

CITY OF CHICAGO, a Municipal Corporation, Richard J. Daley and Timothy J. O'Connor, Defendants.

No. 58 C 968.

United States District Court
N. D. Illinois, E. D.
May 29, 1959.

Abner J. Mikva, Chicago, Ill., Felix J. Bilgrey, New York City, for plaintiff.

Edward R. Hartigan, James P. Daley, Chicago, Ill., for defendants.

CAMPBELL, Chief Judge.

This action arises pursuant to the Complaint filed by Times Film Corporation against the City of Chicago, Mayor Richard J. Daley and Police Commissioner Timothy J. O'Connor, and is submitted on the basis of a stipulation of facts for final decision.

Pursuant to the provisions of Sections 155–1 to 155–7 of the Municipal Code of Chicago, plaintiff applied to defendant, O'Connor for a permit to exhibit the motion picture, "Don Juan". Defendant O'Connor notified plaintiff that he would not issue such a permit because such permit could only be granted after the film had been produced at the office of the Commissioner of Police for examination. Plaintiff refused to so submit such film, but appealed to defendant Daley who denied the appeal. Because of plaintiff's refusal to produce the film at the office of the Commissioner of Police and the consequent denial of a permit, plaintiff is prohibited from exhibiting the motion picture "Don Juan" under penalty of a fine of not less than $50.00 nor more than $100.00 for each day the picture is exhibited without a permit.

Plaintiff alleges that said ordinance is void on its face as a prior restraint in violation of the 1st and 14th Amendments to the Constitution of the United States, and prays for injunctive relief in order to exhibit the said film in the City of Chicago.

It is my opinion that I am without jurisdiction to hear this cause on many grounds.

■ *First.* Before I can be called upon to pronounce this Statute unconstitutional—the most "important and delicate duty of this Court which is only to be used as a "last resort"—there must exist a "justiciable controversy." In my opinion, no such controversy exists. Muskrat v. United States, 219 U.S. 346, 31 S.Ct. 250, 55 L.Ed. 246; Skelly Oil Co. v. Phillips, 339 U.S. 667, 672, 70 S.Ct. 876, 94 L.Ed. 1194; National Mutual Ins. Co. v. Tidewater Transfer Co., 337 U.S. 582, 583, 597–598, 69 S.Ct. 1173, 93 L.Ed. 1556; United States v. Johnson, 319 U.S. 302, 63 S.Ct. 1075, 87 L.Ed. 1413; Willing v. Chicago Auditorium, 277 U.S. 274, 48 S.Ct. 507, 72 L.Ed. 880; Liberty Warehouse Co. v. Grannis, 273 U.S. 70, 74–76, 47 S.Ct. 282, 71 L.Ed. 541; Liverpool, N. Y. & P. Steamship Co. v. Emigration Commissioners, 113 U.S. 33, 39, 5 S.Ct. 352, 28 L.Ed. 899; Oldland v. Gray, 10 Cir., 179 F.2d 408; Coffman v. Federal Laboratories, D.C., 55 F.Supp. 501. Nor has there been presented, a "substantial" federal question. Gully v. First National Bank, 299 U.S. 109, 114, 57 S.Ct. 96, 81 L.Ed. 70. Nor has plaintiff suffered a direct or threatened injury. Hague v. C.I.O., 307 U.S. 496, 507, 508, 59 S.Ct. 954, 83 L.Ed. 1423; Frothingham v. Mellon, 262 U.S. 447, 43 S.Ct. 597, 67 L.Ed. 1078.

■ *Second:* In essence, the Complaint is concerned with the exhibition of the film, "Don Juan" in the City of Chicago. Had plaintiff submitted said film for examination by the Commissioner of Police as the Ordinance requires, the Commissioner may have approved the film which would have, of necessity, dispelled any need for legal action. The cases are legion which hold that one who has failed to make proper application, is not at liberty to complain because of his anticipation of improper or invalid action. Bourjois v. Chapman, 301 U.S. 183, 188, 57 S.Ct. 691, 81 L.Ed. 1027; Dist. of Columbia v. Clawans, 300 U.S. 617, 57 S.Ct. 660, 81 L.Ed. 843; Smith v. Cahoon, 283 U.S. 553, 562, 51 S.Ct. 582, 75 L.Ed. 1264; Lehon v. City of Atlanta, 242 U.S. 53, 56, 37 S.Ct. 242, 61 L.Ed. 145; Gundling v. Chicago, 177 U.S. 183, 186, 20 S.Ct. 633, 44 L.Ed. 725. And see Kingsley International Pic. Corp. v. City of Providence, R. I., D.C., 166 F. Supp. 456, 460.

■ Plaintiff cannot seriously contend that prior restraint of motion pictures is, per se, a violation of the 1st and

14th Amendments. Joseph Burstyn Inc. v. Wilson, 343 U.S. 495, 502, 72 S.Ct. 777, 96 L.Ed. 1098. Plaintiff has also failed to analyse Times Film Corporation v. City of Chicago, 355 U.S. 35, 78 S.Ct. 115, 2 L.Ed.2d 72 which presumptively sustains the constitutionality of the Ordinance in question in the light of American Civil Liberties Union v. City of Chicago, 3 Ill.2d 334, 121 N.E.2d 585, though reversing on the "facts". It is therefore impossible to contend that the Ordinance is "void on its face". (I take into consideration Paramount Film Distributing Corp. v. City of Chicago, D.C., 172 F. Supp. 69, which recently declared one section of the Ordinance unconstitutional).

■ *Third:* Plaintiff has not been restricted from the exhibition of the film "Don Juan" except by the statutory sanction of a fine. That such a fine would be levied against plaintiff if plaintiff exhibited said film is not only hypothetical but also "too remote and abstract an inquiry for the proper exercise of the judicial function". International Longshoremen's Union v. Boyd, 347 U.S. 222, 224, 74 S.Ct. 447, 448, 98 L.Ed. 650; United Public Workers v. Mitchell, 330 U.S. 75, 89–91, 67 S.Ct. 556, 91 L.Ed. 754; State of New Jersey v. Sargent, 269 U.S. 328, 46 S.Ct. 122, 70 L.Ed. 289. This cause falls within the self imposed restraints upon the federal courts so well expressed by Mr. Justice Brandeis in Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 345 et seq., 56 S.Ct. 466, 80 L.Ed. 688. Also see United States v. International Union, etc., 352 U.S. 567, 590, 591, 77 S.Ct. 529, 1 L.Ed.2d 563.

*Fourth:* Without specific allegations, plaintiff broadly contends that said Ordinance is void on its face as a prior restraint in violation of the 1st and 14th Amendments to the Constitution of the United States. This type of "scattershot" attack upon the constitutionality of a statute has been expressly condemned. Staub v. City of Baxley, 355 U.S. 313, 332, 78 S.Ct. 277, 2 L.Ed. 302.

■ *Fifth:* Here, since plaintiff has not and will not suffer an immediate and irreparable harm, I am without equitable jurisdiction to grant the injunctive relief requested. Kingsley International Pic. Corp. v. City of Providence, R. I., supra. Douglas v. City of Jeanette, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324. A federal court of equity should only interfere with the enforcement of state laws to prevent irreparable injury which is clear and imminent. American Federation of Labor v. Watson, 327 U.S. 582, 593, 66 S.Ct. 761, 90 L.Ed. 873.

Judgment for defendants. Cause dismissed at plaintiff's costs.