Martin KAHN, Individually and on behalf
of all other persons similarly
situated, Plaintiffs,

v.

Hon. Beatrice SHAINSWIT, acting Justice
of the Supreme Court of the State of
New York, et al., Defendants.

No. 76 Civ. 2225.

United States District Court,
S. D. New York.

June 1, 1976.

Harvey I. Sladkus, Ploscowe, Dweck & Sladkus, New York City, for plaintiffs.

Louis J. Lefkowitz, Atty. Gen. of the State of New York by Carl Saks, Asst. Atty. Gen., New York City, for defendants.

## OPINION AND ORDER

PIERCE, District Judge.

Plaintiff Martin Kahn, a defendant in a divorce action pending before Acting Justice Shainswit in the Supreme Court of the State of New York, asks this Court to enter a preliminary injunction restraining defendants from the enforcement of N.Y.Dom. Rel.Law § 239 and to enter an order convening a three-judge court to consider the constitutionality of that statute. The issue was raised by order to show cause signed May 18, 1976 and does not involve any factual disputes. Cognizant that the first question was whether the doctrine of comity bars this application altogether, the Court directed the parties to submit on the law involved. The background of the controversy is as follows.

In March, 1974, Barbara Kahn, wife of the plaintiff, commenced an action for divorce on grounds of cruel and inhuman treatment in the Supreme Court of the State of New York. Plaintiff Martin Kahn interposed a counterclaim for divorce on grounds of adultery. By order of the State Supreme Court entered in March, 1975, the wife was granted alimony and counsel fees pendente lite. That order was affirmed by the Appellate Division. Upon plaintiff's failure to make the payments, the State Supreme Court granted the wife's application to have plaintiff cited for contempt, overruling plaintiff's argument that he was financially unable to pay the alimony. Plaintiff appealed the contempt order, claiming that it was error for the trial judge to hold him in contempt without a hearing on the issue of wilfulness. The order of contempt was affirmed by the Appellate Division.

The divorce action was thereafter set down for a jury trial before Acting Justice Shainswit, a defendant herein. On April 28, 1976, the wife moved, pursuant to Dom. Rel.Law § 239, to sever and stay the prosecution of the husband's adultery counterclaim in light of his contempt. By this point, plaintiff had absented himself from the jurisdiction and the trial judge had adjourned the matter several days in the hope that plaintiff would return and purge himself of the contempt. Finding no other effective sanction against plaintiff for his continued defiance of the court's orders, Justice Shainswit accordingly foreclosed plaintiff from the opportunity to present his counterclaim; see *Kahn v. Kahn*. No. 31470/74 (Sup.Ct.N.Y.Cnty. May 10, 1976).

At trial, the jury found for the wife on her claim of cruel and inhuman treatment. Counsel for plaintiff herein recorded objections to the constitutionality of § 239 and, while not requesting the state court to rule on that claim, stated that he was reserving the option to press the argument in federal court, citing *England v. Louisiana State Board of Medical Examiners*, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964).

Justice Shainswit thereafter took evidence on the question of finances and alimony and rendered her decision thereon by opinion dated May 10, 1976. The judge directed the submission of appropriate orders staying and severing the counterclaim and granting the judgment of divorce. While proposed orders have been submitted to that court, Justice Shainswit has stated that she will not enter the orders pending the outcome of this application.

Plaintiff commenced this action pursuant to 28 U.S.C. § 1343(3), § 2201, § 2281 and 42 U.S.C. § 1983, seeking an injunction against alleged deprivation of civil rights by state officials and the convening of a three-judge court to consider the constitutionality of

Dom.Rel.Law § 239. The challenged statute provides as follows:

"Whenever in an action for divorce or separation wherein the husband is plaintiff or wherein the wife is plaintiff but the husband interposes a counterclaim, the court or the judge thereof may refuse to grant an order to stay proceedings, where the only default is the failure of the husband to pay alimony or counsel fees due to his inability to make such payments. In no event shall a husband who has been imprisoned for contempt of court for failure to pay alimony or counsel fees . . . be stayed from proceeding with the prosecution or defense of an action where the only default is the failure of the husband to pay alimony or counsel fees." (N.Y.Dom.Rel.Law § 239 (McKinney 1964))

Thus, if the state court refuses to exercise its discretion in favor of the defaulting husband, the court may prevent him from taking any affirmative action in the lawsuit. A determination under § 239 will not be set aside by the appellate courts absent a showing of abuse of discretion; see *Sherwood v. Sherwood*, 5 A.D.2d 137, 170 N.Y. S.2d 122 (1st Dept. 1958); *Novack v. Novack*, 226 N.Y.S.2d 323 (Sup.Ct.1962). The statute does not allow the court to foreclose the defaulting husband from defending on the merits; such a provision was long ago declared violative of due process; see *Hovey v. Elliott*, 167 U.S. 409, 17 S.Ct. 841, 42 L.Ed. 215 (1897).

■ In this action, plaintiff claims that he faces irreparable harm if enforcement of § 239 is not enjoined. Plaintiff asserts that if the judgment of divorce is entered, he will be required to pay alimony whereas if he had succeeded on his adultery counterclaim, no alimony could have been awarded. Further, plaintiff asserts that the doctrine of *res judicata* will operate to prevent him from ever litigating the adultery issue.

The Court does not agree that plaintiff faces any such harm. Plaintiff has not alleged that he is foreclosed from an appeal of Justice Shainswit's expected ruling, and it appears that the usual channels of appellate review are available pursuant to N.Y.C. P.L.R. §§ 5601(b) and 5701(a). Even if plaintiff does not wish to present his constitutional argument to the state courts, he can argue that the order staying his counterclaim was an abuse of discretion, thus raising the possibility that this matter could be resolved without any court reaching the constitutional question. If plaintiff loses any such non-constitutional appeal in state court, he may then take the constitutional argument to federal court, since it appears he has reserved that issue on the trial court record; see *England, supra*, 375 U.S. at 421, 84 S.Ct. 461. In the alternative, plaintiff can present his constitutional claims to the State Supreme Court, which appears to still have jurisdiction over the divorce action and he can press those arguments on any appeal. Once presented with the issue, the Justices of the state courts are duty-bound to consider the question. Thus, the issue on this motion is solely whether, under these circumstances, the plaintiff's claim is properly before this Court.

■ The circumstances of this case bring to bear the considerations of federal-state comity announced in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and more recently expanded into the area of pending state civil proceedings; see *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975); *Mendez v. Heller*, 530 F.2d 457 (2d Cir. 1976); *Anonymous v. Association of the Bar of the City of New York*, 515 F.2d 427 (2d Cir.), *cert. denied*, 423 U.S. 863, 96 S.Ct. 122, 46 L.Ed.2d 92, 44 U.S.L.W. 3204 (1975); *Gras v. Stevens*, 415 F.Supp. 1148 (S.D.N.Y. May 10, 1976) (three-judge court, per Friendly, C. J.). While no one of these recent decisions alone operates to dispose of the issues herein, the cumulative weight of their precedent compels this Court to conclude that the doctrine of comity forecloses plaintiff's claim here.

The doctrine of *Younger v. Harris*, developed in the context of applications for injunctions against pending state criminal proceedings, teaches that the federal system must remain

"cognizant that a pending state proceeding, in all but unusual cases, would provide the federal plaintiff with the necessary vehicle for vindicating his constitutional rights, and, in that circumstance, the restraining of an ongoing prosecution would entail an unseemly failure to give effect to the principal that state courts have the solemn responsibility, equally with the federal courts, 'to guard, enforce, and protect every right granted or secured by the Constitution of the United States.'" (*Steffel v. Thompson,* 415 U.S. 452, 460–61, 94 S.Ct. 1209, 1216, 39 L.Ed.2d 505 (1974) (citations omitted))

In *Huffman v. Pursue, Ltd.,* the Supreme Court noted that it has consistently required federal courts to "abide by standards of restraint that go well beyond those of private equity jurisprudence" when asked to intervene in state civil matters. Further, the *Huffman* Court stated that the "component of *Younger* which rests upon the threat to our federal system is thus applicable to a civil proceeding such as this quite as much as it is to a criminal proceeding." 420 U.S. at 603–04, 95 S.Ct. at 1208. However, *Huffman* specifically declined to make any general pronouncement upon the applicability of *Younger v. Harris* to all civil litigation, holding only that a public nuisance action brought by the state against a pornographic cinema triggered interests sufficiently similar to those involved in a state criminal action to require the application of the *Younger v. Harris* doctrine; see *Id.* at 607–11, 95 S.Ct. 1200.

In *Mendez v. Heller, supra,* the Circuit Court reviewed the decision of a three-judge court dismissing a challenge to the two-year durational residency requirement of N.Y.Dom.Rel.Law § 230(5) on the ground that no justiciable controversy was present. In that case, plaintiff had brought the federal action prior to any attempt to sue for divorce in state court, asserting that her divorce complaint surely would be rejected by the clerk for her failure to comply with § 230(5). In affirming the decision below, the Circuit Court held that no controversy existed where no divorce action had been

filed, and thus that the case failed to present the "exigent adversity" necessary for federal adjudication, citing *Poe v. Ullman,* 367 U.S. 497, 506, 81 S.Ct. 1752, 6 L.Ed.2d 989 (1961). The court also held that the Justices of the State Supreme Court and the State Attorney General were not proper parties-defendant to such an action; see 530 F.2d at 459–61.

Concurring in the decision, Judge Oakes observed that "[p]robate and domestic relations are matters which have long been recognized as invoking, at least initially, interests which are predominantly of state concern."

"In this narrow area of the law, we should be especially careful to avoid unnecessary or untimely interference with the State's administration of its domestic policies." (*Id.* at 461)

Judge Oakes also noted that if plaintiff had filed a divorce complaint, federal intervention might be barred under *Huffman v. Pursue, Ltd.* On this point, he noted that state appellate review, and possible review to the United States Supreme Court, provides "some solace." *Id.* at 461 n. 2.

The most recent decision which this Court must consider is that of Judge Friendly's, writing for the three-judge district court in *Gras v. Stevens, supra.* There plaintiff Gras had filed a divorce action in state court, and sought a federal declaration that Dom.Rel.Law § 237(a) was unconstitutional since it allowed only wives, and not husbands, to apply for counsel fees and costs necessary to the defense or prosecution of the action. The court in *Gras* dismissed the complaint as to the named defendants seriatim, ruling that New York State was not a "person" under § 1983, and that no controversy existed between plaintiff and any one of the Justices of the State Supreme Court, or between plaintiff and the State Attorney General or the Governor; at 1150–1152. However, the court went on to note that state divorce proceedings were pending, and suggested that the constitutionality of § 237(a) could be fully adjudicated there.

"It is established that in the exercise of discretion a federal court should normally deny a declaratory judgment where the issues raised may be fully adjudicated in a suit pending in a state court at the time the federal declaratory judgment action is instituted." (*Id.* at 1153)

Both the decisions in *Mendez v. Heller* and *Gras v. Stevens* were resolved on the narrow ground that the plaintiff had no controversy with any one state judge where the divorce action was not yet filed (*Mendez*) or not yet assigned to any judge (*Gras*). Thus, neither case was faced squarely with the question of whether a civil litigant who is confronted with the adverse application of a state law by a specific state court judge may sue in federal court to have the statute declared unconstitutional. However, the thrust of those decisions leads this Court to the conclusion that, under these circumstances, plaintiff's claim will not be entertained in this Court at this time.

█ Such a conclusion does not violate the general rule that a federal litigant need not exhaust state remedies in a § 1983 action. As explained by Judge Friendly in *Gras*, that general rule is applicable where the relief sought is damages; see *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), or where the only available state remedy is also in equity; see *Lombard v. Board of Education*, 502 F.2d 631, 636 (2d Cir. 1974), *cert. denied*, 420 U.S. 976, 95 S.Ct. 1400, 43 L.Ed.2d 656 (1975). Unlike those decisions, this action involves the necessity of affording the state courts the appropriate deference in light of ongoing state judicial proceedings involving the plaintiff herein. Thus, the requirement that plaintiff seek state judicial relief and review springs from the font of *Younger v. Harris* and does not serve to undermine the rule of *Monroe v. Pape*; see *Huffman v. Pursue, Ltd.*, 420 U.S. at 609 n. 21, 95 S.Ct. 1200 (1975).

Plaintiff Kahn has available state legal remedies; he can move before Justice Shainswit or seek review of her expected decision pursuant to N.Y.C.P.L.R.

§§ 5601(b) and 5701(a), or both. He may litigate his constitutional claim to the United States Supreme Court, if necessary; see 28 U.S.C. § 1257(2). In the alternative, it appears that he may continue to reserve the federal issue and present it in this Court after complete New York review of the state law claims; see *England, supra*, 375 U.S. at 421, 84 S.Ct. 461. Thus, Kahn no more faces irreparable harm than does any other litigant faced with an adverse but appealable court decision.

Since this Court concludes that for reasons of comity plaintiff should seek redress in state court, there is no reason to convene a three-judge federal court to determine the constitutionality of the statute or to otherwise dispose of the action; see *Gonzalez v. Automatic Employees Credit Union*, 419 U.S. 90, 99–101, 95 S.Ct. 289, 42 L.Ed.2d 249 (1974).

Accordingly, the motion for a preliminary injunction and for the convening of a three-judge court is hereby denied without prejudice to Kahn's asserting his position in the New York state courts. Insofar as this opinion operates to deny the motion for an injunction, the foregoing shall stand as the Court's findings of fact and conclusions of law pursuant to Rule 52(a) Fed.R.Civ.P.

SO ORDERED.