**W. Turton THOMPSON, Appellant (Plaintiff Below),**

v.

**MEDICAL LICENSING BOARD of Indiana and Ernest R. Beaver, James N. Hampton, Robert R. Kopecky, John H. Mader, Walter J. Beneville, Bruce C. Brink, and Edward L. Hollenberg, Individually and as members of the Medical Licensing Board of Indiana, Appellees (Defendants Below).**

**No. 2–1076A395.**

Court of Appeals of Indiana,
Third District.

Dec. 26, 1979.

C. Robert Knight, Zionsville, Ronald E. Elberger, Indianapolis, for appellant.

Theo. L. Sendak, Atty. Gen., Walter F. Lockhart, Asst. Atty. Gen., Indianapolis, for appellee.

BUCHANAN, Chief Judge.

ON PETITION FOR REHEARING

Dr. W. Turton Thompson's petition for rehearing challenges our opinion of April 25, 1979, for failing to address an issue raised on appeal; specifically whether a plaintiff who files an action in state court under 42 U.S.C. § 1983 must exhaust his administrative remedies. Although this issue was implicitly decided in our earlier opinion, we now explicitly state our holding, and deny rehearing.

Thompson seeks shelter from the requirement of exhaustion of administrative remedies in § 1983. Not so.

We do not dispute Thompson's statement that state and federal courts have concurrent jurisdiction over § 1983 actions. *Young v. Board of Education of Fremont County School District* (D.Col. 1976), 416 F.Supp. 1139; *Luker v. Nelson* (N.D.Ill.1972), 341 F.Supp. 111. But the mere existence of concurrent jurisdiction does not convert an Indiana state court into a federal court.

Thompson points to the general rule that exhaustion of state administrative remedies is not a prerequisite to bringing a § 1983 action in a federal court. *Damico v. California* (1967), 389 U.S. 416, 88 S.Ct. 526, 19 L.Ed.2d 647; *McNeese v. Board of Education* (1963), 373 U.S. 668, 83 S.Ct. 1433, 10 L.Ed.2d 622; *Snyder v. Altman* (D.C.Cal. 1978), 444 F.Supp. 1269; *Kahn v. Shainswit* (D.C.N.Y.1976), 414 F.Supp. 1064. Thompson then concludes, "Applying the federal decisions in § 1983 actions, it is clear that exhaustion of administrative remedies is not required in the case at bar."

The fatal flaw in this argument is that these federal decisions *are not applicable.*

The procedural rule set out by the courts above addresses only actions brought in federal court. No case cited by Thompson, nor any which we have been able to locate, demands that a state court abandon its own requirements of exhaustion merely because the claim before it is based upon § 1983.

Language in the federal decisions so indicates. In *Snyder v. Altman, supra,* the court stated:

> The general rule is that there is no need to exhaust possible state remedies before pursuing a civil rights action *in federal court.* (emphasis supplied)

444 F.Supp. at 1270.

Likewise, the court in *Kahn v. Shainswit, supra,* remarked:

> [Our decision] does not violate the general rule that *a federal litigant* need not

exhaust state remedies in a § 1983 action. (emphasis supplied)

414 F.Supp. at 1068.

Thus we repeat, a state court does not undergo a metamorphosis into a federal court merely because it must decide a § 1983 suit. No matter what the nature of the action before an Indiana state court, it remains a state court. As Gertrude Stein observed, a "rose is a rose is a rose is a rose." Our rules of trial procedure and evidence still apply. So does our requirement of exhaustion.

If Thompson desired the benefit of federal procedures, he should have brought his suit in federal court.[1]

Rehearing denied.

SHIELDS and SULLIVAN, JJ., concur.

---

1. Even if Thompson had brought suit in federal court, he may still have been refused a hearing on his claim based either on the doctrine of abstention, *see Snyder v. Altman, supra,* or comity, *see Kahn v. Shainswit, supra.*