**F I L E D**

PUBLISH

**February 2, 2006**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

NAUTILUS INSURANCE
COMPANY,

      Plaintiff-Appellee,

v.

8160 SOUTH MEMORIAL DRIVE,
LLC, doing business as Banana
Joe's,

      Defendant,

   and

GREG BAYOUTH; DEANA
HASTINGS.

      Defendants-Appellants.

No. 05-5076

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
(D.C. No. 04-CV-448-K)**

---

Submitted on the briefs:

A. Laurie Koller, Carr & Carr, Attorneys, Tulsa, Oklahoma, for Defendants-Appellants.

Robert P. Coffey, LaCourse, Davis, Coffey & Gudgel, P.L.C., Tulsa, Oklahoma for Plaintiff-Appellee.

Before **McCONNELL**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

**McCONNELL**, Circuit Judge.

This is an appeal from a declaratory judgment in an insurance dispute founded on diversity jurisdiction.  We affirm.[*]

## BACKGROUND

Nautilus Insurance Company sued Greg Bayouth, Deana Hastings, and its insured, 8160 South Memorial Drive, LLC (doing business as Banana Joe's), for declaratory relief in federal district court, alleging that its duty to defend and indemnify was not triggered by Bayouth and Hastings' state lawsuit against Banana Joe's.  Nautilus indicated that Bayouth and Hastings were seeking damages in state court for being struck by a Banana Joe's employee and for Banana Joe's negligent hiring, training, and supervision of that employee. Nautilus's policy excludes from coverage bodily injury caused by "any alleged assault and battery" or the "negligent hiring, placement, training or supervision arising from actual or alleged assault or battery."  Aplt. App. at 53.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Bayouth and Hastings answered Nautilus's complaint and were deposed. Banana Joe's also answered, but later joined with Nautilus in filing an "Application to Withdraw Answer and Stipulation of the Parties," *id.* at 72. In the application, Banana Joe's and Nautilus "agree[d] that with the Withdrawal of [Banana Joe's] answer, [Nautilus] is entitled to a declaratory judgment" finding that Nautilus's policy "does not cover the incident as described in" Bayouth and Hastings' lawsuit. *Id.* Banana Joe's and Nautilus submitted a proposed order along with the application. Bayouth and Hastings filed an objection, summarily stating that the proposed order "deprives them of due process," "represents collusion between [Nautilus] and [Banana Joe's]," and lacks "a factual basis upon which to base a Declaratory Judgment." *Id.* at 74. The district court entered the order, allowing Banana Joe's to withdraw its answer and granting Nautilus a declaratory judgment that it had no duty to defend or indemnify Banana Joe's.

Bayouth and Hastings appeal.

## DISCUSSION

The Declaratory Judgment Act provides, in relevant part:

> In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201. A district court's decision to exercise its discretion and issue a declaratory judgment "will not be overturned absent a showing of clear abuse of . . . discretion." *Kunkel v. Cont'l Cas. Co.*, 866 F.2d 1269, 1273 (10th Cir. 1989).[1]

Bayouth and Hastings urge us to "assume that the District Court decided that [they] were not necessary parties," Aplt. Br. at 11, and to then follow *Federal Kemper Insurance Co. v. Rauscher*, 807 F.2d 345, 353-54 (3d Cir. 1986) (holding that the insurer's declaratory relief action presented a justiciable controversy for the injured parties even though the insured tortfeasor had suffered a default judgment), *Harris v. Quinones*, 507 F.2d 533, 536-37 (10th Cir. 1974) (concluding that res judicata did not bar the litigation of coverage issues between the insurer, the "omnibus insured," and the injured party where the insurer had previously litigated those issues to a default judgment against the "named insured"), and *Hawkeye-Security Insurance Co. v. Schulte*, 302 F.2d 174, 177 (7th Cir. 1962) (holding that the district court erred in dismissing the injured party from the insured's declaratory relief action based on a default judgment entered

---

[1]     But the substance of a declaratory judgment is reviewed just like any other district court decision: "legal questions are reviewed de novo, and findings of fact are reviewed with a more deferential standard." 12 James Wm. Moore, *Moore's Federal Practice* § 57.101[2] (3d ed. 2005). Because Bayouth and Hastings tender no challenge to the accuracy of the district court's insurance policy interpretation, coverage issues are beyond our review.

against the insured and the insured's tortfeasor son). We will not indulge such an assumption for two reasons. First, Bayouth and Hastings said nothing about necessary parties when they objected to Nautilus's proposed order for a declaratory judgment. *See Hill v. Kansas Gas Serv. Co.*, 323 F.3d 858, 866 (10th Cir. 2003) (stating that we generally do not consider arguments raised for the first time on appeal). Second, to the extent that the insurance coverage issue between Nautilus and Banana Joe's created an actual controversy between Nautilus and Bayouth and Hastings, *see Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 274 (1941) (holding that there is an actual controversy between an insurer and the party injured by the insured), that controversy was resolved by the declaratory judgment. Nowhere did the district court suggest that Bayouth and Hastings were not necessary parties or that their interests were merely derivative of Banana Joe's. Nor was there any default judgment. Consequently, *Rauscher*, *Harris*, and *Schulte* do not apply here.[2]

Bayouth and Hastings next contend that there "was not enough of a factual record developed to enable the [c]ourt to issue a declaratory judgment." Aplt. Br.

---

[2]    Bayouth and Hastings state in a heading of their brief that they were denied "an opportunity to be heard." Aplt. Br. at 9. They also mention in the text that there is an issue as to "whether all necessary parties were ever joined in the present case," given that the Banana Joe's employee who allegedly battered them "was not named in the federal court action." *Id.* at 14. But we do not reach issues unaccompanied by any argument. *Phillips v. Calhoun*, 956 F.2d 949, 953-54 (10th Cir. 1992).

at 17. But they do not identify any missing facts necessary to resolve coverage issues, such as the applicability of the policy's assault and battery exclusions. While district courts should "refrain from giving a declaration unless there is a full-bodied record developed through adequate adversary proceedings with all interested parties before the court," 10B Charles A. Wright et al., *Federal Practice & Procedure* § 2759, at 551-52 (3d ed. 1998), we will not presume that a declaratory judgment rests on an inadequate record without some suggestion how a more fully developed record would compel a different result.

Bayouth and Hastings' final argument is not entirely clear. They state that "[o]nce Banana Joe's withdrew its answer, it no longer had a personal stake in the outcome of the case," and therefore, "that makes the action taken below collusive." Aplt. Br. at 19. They then explain:

> When Banana Joe's withdrew its Answer, there was no longer a justiciable controversy between Nautilus and Banana Joe's. Thus, without the presence of Bayouth and Hastings, the District Court did not have subject matter jurisdiction under the Declaratory Judgment Act's "actual controversy" requirement to enter [the declaratory judgment]. If Bayouth and Hastings were not parties at the time the Court entered its [judgment], then the proper course of the Court would have been to dismiss the action.

*Id.* at 21-22 (quoting 28 U.S.C. § 2201). Initially, we question the premise that Bayouth and Hastings were somehow absent from the proceedings below. They both appeared and filed an answer. That fact did not change once Banana Joe's withdrew its answer. Bayouth and Hastings' further characterization of the action

-6-

below as "collusive," *id.* at 19, is similarly unavailing. A collusive action is "[a]n action between two parties who have no actual controversy, being merely for the purpose of determining a legal question or receiving a precedent that might prove favorable in related litigation." Black's Law Dictionary 32 (8th ed. 2004). We fail to see how Banana Joe's withdrawal of its answer, simultaneous to the district court's grant of a declaratory judgment, meant that there was no bona fide controversy over which the district court could have exercised jurisdiction. Banana Joe's appeared in the action, filed an answer, and apparently remained defiant until after the depositions of Bayouth and Hastings. And even if this were a case in which Banana Joe's "has had no active participation, over which [it] has exercised no control, and the expense of which [it] has not borne," so as to indicate collusion, *see United States v. Johnson*, 319 U.S. 302, 305 (1943), Bayouth and Hastings' participation would have supplied sufficient adversity to compensate for any adversity lost when Banana Joe's withdrew its answer.

We conclude that the district court did not clearly abuse its discretion in granting Nautilus a declaratory judgment. Accordingly, the judgment of the district court is AFFIRMED.