[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-15770
Non-Argument Calendar
_____

Docket No. 3:12-cv-00040-TCB


RICHARD P. LINDSEY,

Plaintiff-Appellee,

versus

FAYETTE COUNTY BOARD OF COMMISSIONERS,
CHAIRPERSON HERB FRADY,
in his official capacity,
et al.,

Defendants-Appellees,

ALI ABDUR-RAHMAN,
ALISHA ABDUR-RAHMAN,

Interested Parties - Appellants.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 3, 2013)


Before  HULL, JORDAN, and EDMONDSON, Circuit Judges.


PER CURIAM:


Ali and Aisha Abdur-Rahman ("Intervenors") appeal from the district court's order denying their post-judgment motion to intervene as defendants in a civil action.  Appellees -- plaintiff and defendants in the underlying action -- have filed motions to dismiss the appeal, which we have construed as motions for summary affirmance.  We grant Appellees' motions; we affirm in part and dismiss in part.

In the underlying civil action, Plaintiff-Appellee Richard Lindsey sought declaratory and injunctive relief, alleging that the Fayette County Board of Commissioners districts were unconstitutional.  Shortly after Lindsey filed his complaint, the parties filed a joint motion seeking, among other things, the approval of a consent decree and entry of final judgment.  The district court issued

2

the consent decree and terminated the case. The district court retained jurisdiction over the case only for purposes of enforcing the consent decree.

Several months after the case was terminated, Intervenors filed a motion to intervene as defendants, pursuant to Fed.R.Civ.P. 24(a) and (b). The district court issued an order staying the action pending resolution of the intervention motion.

The district court ultimately denied Intervenors' motion to intervene based on two independent grounds: (1) Intervenors failed to demonstrate standing to continue the suit after the original parties had settled, as required by Dillard v. Chilton Cnty. Comm'n, 495 F.3d 1324, 1330 (11th Cir. 2007); and (2) "[e]ven if Intervenors had standing," they failed to show that their motion was timely, as required by Fed.R.Civ.P. 24(a) and (b).[1]

In their initial appellate brief, Intervenors make no argument challenging the district court's denial -- on the ground of untimeliness -- of their motion to intervene. Instead, Intervenors raise the timeliness issue for the first time in their reply brief. So, Intervenors have waived the timeliness argument. See Kernel Records Oy v. Mosley, 694 F.3d 1294, 1310 n.17 (11th Cir. 2012).

---

[1] The district court later issued an order imposing sanctions against Intervenors' lawyer under Fed.R.Civ.P. 11. Intervenors appealed separately from that order, and that appeal is docketed as No. 13-10895.

In this appeal, Intervenors have filed a motion to stay the district court's sanctions order. Because the district court's sanctions order is not properly before us in this appeal, we lack jurisdiction to consider the motion. See Holloman v. Mail-Well Corp., 443 F.3d 832, 844-45 (11th Cir. 2006) (dismissing an appeal from a sanctions order for lack of jurisdiction where sanctions were imposed only on the lawyer when the lawyer failed to list himself as an appellant in the notice of appeal).

Because Intervenors fail to challenge a dispositive issue, they cannot prevail on appeal.  See NAACP v. New York, 93 S.Ct. 2591, 2603 (1973) (explaining that a court considering a motion to intervene "must first be satisfied as to timeliness" and, if the motion to intervene "is untimely, intervention must be denied.").  No substantial question exists for the outcome of the case; we grant Appellees' motions for summary affirmance.[2]  See Groendyke Transp., Inc. v. Davis, 406 F.2d 1158, 1162 (5th Cir. 1969) (summary disposition is necessary and proper when "one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case. . . .").

Intervenors were not parties to the lawsuit, and their motion to intervene was denied properly.  As a result, they lack standing to challenge the consent decree.  See Marino v. Ortiz, 108 S.Ct. 586, 587 (1988) ("only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment").  To the extent Intervenors seek to challenge the district court's issuance of the consent decree, we dismiss the appeal.

AFFIRMED IN PART; DISMISSED IN PART.

---

[2] Because we grant Appellees' motions for summary affirmance based on Intervenors' failure to appeal the timeliness-of-the-motion issue, we need not address Appellees' alternative argument that Intervenors failed to file a timely appellate brief.

4

JORDAN, Circuit Judge, concurring:

I agree that we must affirm the district court's denial of the motion to intervene because Ali and Alisha Abdur-Rahman did not contest, in their initial brief, the district court's ruling that their motion was untimely. And I also agree that, as a result, we must dismiss the challenge to the underlying consent decree. I therefore join the Court's opinion in full.

There are, however, troubling indications that the lawsuit filed by Richard Lindsey against Fayette County was the product of collusion. First, several days before the lawsuit was filed, Steve Brown – a Fayette County Commissioner – asked the Attorney General of Georgia for an opinion as to whether the County could "sue itself" through a "pre-arranged agreement" in which it would "pay[ ] the expenses of a [third] party to file litigation" against the County. Second, two Fayette County officials -- Commissioner Brown and Commissioner Robert Horgan – testified under oath (at their depositions in a related case) that Scott Bennett, the Fayetteville County Attorney, told them that he had asked Mr. Lindsey to file the lawsuit against the County in order to get the February 2012 redistricting plan approved. Third, emails between Mr. Lindsey and Mr. Bennett appear to confirm that Mr. Bennett (counsel for the would-be-defendants) drafted the complaint for Mr. Lindsey (the would-be-plaintiff) to file against his clients, and that both men then worked together to finalize the document before it was filed

5

in court.  Fourth, less than two weeks after the lawsuit was filed, Mr. Lindsey and the County filed a joint motion for approval of a consent decree.

Mr. Lindsey, in a letter he sent to counsel for the Abdur-Rahmans, denied that there was any collusion.    But if it is true that the lawsuit was collusive, then the district court lacked Article III jurisdiction to entertain it, *see generally United States v. Johnson,* 319 U.S. 302, 304-05 (1943), and Mr. Lindsey and Mr. Bennett may have improperly manufactured (without the district court's knowledge) a case or controversy.  In my opinion, the district court should inquire further into how this lawsuit came to be filed and settled.