651 F.2d 613
 SOUTHERN PACIFIC TRANSPORTATION COMPANY, a Delaware
Corporation, Burlington Northern Inc., a Delaware
Corporation, etc., et al., Plaintiffs-Appellants,
v.
James M. BROWN, Acting Attorney General of the State of
Oregon, Defendant- Appellee,
United Transportation Union, Intervening-Defendant-Appellee.
 No. 78-3573.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Oct. 15, 1980.
Decided Oct. 30, 1980.
 
 James H. Clarke, Portland, Or., argued for plaintiffs-appellants; Roger J. Crosby, Dezendorf, Spears, Lubersky & Campbell, Randall B. Kester, Portland, Or., on brief.
 William Gary, Deputy Sol., Salem, Or., argued for defendant-appellee; Ivan S. Zackheim, Portland, Or., Al J. Laue, Salem, Or., on brief.
 On Appeal from the United States District Court for the District of Oregon.
 Before WRIGHT, KENNEDY and ALARCON, Circuit Judges.
 EUGENE A. WRIGHT, Circuit Judge:
 
 
 1
 A 1975 Oregon statute restricts attempts by employers to negotiate settlements with employees injured in work-related accidents. ORS 17.075, 17.085, 17.990.
 
 
 2
 Several railroads sued the Oregon attorney general to enjoin enforcement of the Act, contending that it is preempted by federal law, unconstitutionally burdens interstate commerce, and violates First and Fourteenth Amendment rights. The acting attorney general has been substituted as appellee on this appeal.
 
 
 3
 The district court, 458 F.Supp. 593, determined that the railroads would be injured if the penalty provision were enforced, but concluded that a threat of enforcement was not established. The attorney general stipulated that he would advise Oregon district attorneys to presume the act constitutional and that they would enforce it unless restrained, but the court declined to infer that the district attorneys, who were not parties, actually would do so. Because the attorney general lacked authority to prosecute, and because no other injury was shown,[1] the court dismissed for lack of a justiciable controversy.
 
 
 4
 Oregon law provides that the attorney general "shall consult with, advise and direct the district attorneys in all criminal causes and matters relating to state affairs in their respective counties." ORS 180.060(4). State court decisions on his role are few and do not establish that he could prosecute a violation of the challenged act or compel the district attorneys to prosecute or refrain from doing so. Compare Thornton v. Johnson, 253 Or. 342, 453 P.2d 178, 186 (1969) (per curiam) (Oregon law "appear(s) to provide some control over district attorneys by the Attorney General") with State ex rel. Thornton v. Williams, 215 Or. 639, 336 P.2d 68, 74-75 (1959) (attorney general cannot initiate criminal investigation or prosecution unless directed by governor).
 
 
 5
 The railroads contend that the attorney general's stated intention to advise and direct the district attorneys to prosecute gives rise to a justiciable controversy.[2] We believe, however, that the attorney general's connection with enforcement is insufficient.
 
 
 6
 Article III requires a concrete dispute between the parties. "(A) federal court (can) act only to redress injury that fairly can be traced to the challenged action of the defendant, and not injury that results from the independent action of some third party not before the court." Simon v. Eastern Kentucky Welfare Rights Org., 426 U.S. 26, 41-42, 96 S.Ct. 1917, 1925, 48 L.Ed.2d 450 (1976).
 
 
 7
 Further, when a state officer is sued to enjoin enforcement of state law, he must have "some connection" with enforcement or suit against him would be equivalent to suit against the state and would violate the Eleventh Amendment. Ex parte Young, 209 U.S. 123, 157, 28 S.Ct. 441, 452, 52 L.Ed. 714 (1908); Mendez v. Heller, 530 F.2d 457, 460 (2d Cir. 1976).
 
 
 8
 In Boating Industry Associations v. Marshall, 601 F.2d 1376 (9th Cir. 1979), we held that the plaintiffs lacked standing to challenge a Labor Department interpretive notice because the notice merely reflected the opinion of the defendants about the meaning of a statute and was not binding on the courts or the Benefits Review Board. Id. at 1382. "A contrary interpretation would not have insulated recreational boat manufacturers from later prosecution were the interpretation rejected." Id. at 1383 (footnote omitted).
 
 
 9
 The attorney general's advice that the statute was unconstitutional would not insulate the plaintiffs from prosecution if this advice were rejected by the district attorneys. His power to direct them suggests that his opinion might be persuasive, but the Oregon courts have not held that it would be binding and Oregon law guarantees district attorneys autonomy. See ORS 180.070(4) (powers conferred on attorney general do "not deprive the district attorneys of any of their authority, or relieve them from any of their duties to prosecute criminal violations of law").
 
 
 10
 The attorney general's power to direct and advise does not make the alleged injury fairly traceable to his action, nor does it establish sufficient connection with enforcement to satisfy Ex parte Young. The suit presents no justiciable controversy.
 
 
 11
 The judgment of the district court is affirmed.
 
 
 
 [1]
 The plaintiffs, in addition to challenging the penalty provision, alleged that nonpenalty provisions would injure them in proceedings involving employee claims for compensation
 The district court found that no injury had resulted. Even if a plaintiff had been injured by nonpenalty provisions, the injury could not have been traced to the action of the attorney general, against whom relief is sought. See Simon v. Eastern Kentucky Welfare Rights Org., 426 U.S. 26, 41, 96 S.Ct. 1917, 1925, 48 L.Ed.2d 450 (1976) ("a federal court (can) act only to redress injury that fairly can be traced to the challenged action of the defendant").
 
 
 [2]
 The railroads' contention that the attorney general could or would bring a civil suit to enjoin violations is wholly speculative. Cf. State ex rel. Johnson v. Bauman, 7 Or.App. 489, 492 P.2d 284, 285 (1971) (attorney general has common law power to sue for injunction to abate public nuisance, but power may be transferred by statute to other agencies)
 Although it is conceivable that the Oregon courts might allow the attorney general to seek an injunction, they have not done so and there is no indication that the attorney general will ask them to do so. See Shell Oil Co. v. Noel, 608 F.2d 208, 212 (1st Cir. 1979) ("not fanciful to suppose" state courts would permit attorney general to sue for injunction, but they had not yet done so and there was no justiciable controversy).