**Phillip LONG, David Wood, Plaintiffs–Appellees,**

v.

**John VAN de KAMP, Attorney General of the State of California, Defendant–Appellant.**

No. 91–55834.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 4, 1992.

Decided April 7, 1992.

---

Robert David Breton, Deputy Atty. Gen., Los Angeles, Cal., for defendant-appellant.

Phillip Long, in pro per.

Before: HUG and PREGERSON, Circuit Judges, and PECKHAM, Senior District Judge.[*]

PER CURIAM:

■ The facts are stated in the district court's opinion which is reported at 772

F.Supp. 1141 (C.D.Cal.1991). The district court concluded that the Eleventh Amendment did not stand as a bar to its jurisdiction over this case. *Id.* at 1143. However, under *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), there must be a connection between the official sued and enforcement of the allegedly unconstitutional statute, and there must be a threat of enforcement. We doubt that the general supervisory powers of the California Attorney General are sufficient to establish the connection with enforcement required by *Ex parte Young. See Southern Pacific Transportation Co. v. Brown,* 651 F.2d 613, 614 (9th Cir.1981) (as amended) (Oregon Attorney General's power to direct and advise, which was not binding on district attorneys who had independent duty to enforce state law, was not sufficiently connected with enforcement). Moreover, there is no threat that Cal.Vehicle Code § 2805(a) will be enforced by the Attorney General. Absent a real likelihood that the state official will employ his supervisory powers against plaintiffs' interests, the Eleventh Amendment bars federal court jurisdiction.

■ The lack of threatened enforcement by the Attorney General also means that the "case or controversy" requirement of Article III is not satisfied. The Attorney General has not in any way indicated that he intends to enforce section 2805(a). In addition, the searches of plaintiffs' premises were not the result of any action attributable or traceable to the Attorney General. Consequently, an injunction against the Attorney General will not forestall such future searches of plaintiffs' property because there is no indication that the Attorney General intends to pursue, or encourage local law enforcement agencies to pursue, such searches under section 2805(a). *See Simon v. Eastern Kentucky Welfare Rights Org.,* 426 U.S. 26, 38–41, 96 S.Ct. 1917, 1924–26, 48 L.Ed.2d 450 (1976).

Accordingly, we vacate the district court's order and remand with instructions to dismiss this case.

[*] Hon. Robert F. Peckham, Senior United States District Judge for the Northern District of California, sitting by designation.

We find Judge Wilson's well-reasoned examination of the Fourth Amendment issue persuasive, but given our resolution of the Eleventh Amendment issue we do not reach the Fourth Amendment issue.

VACATED and REMANDED.