990 F.2d 1258
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Phillip LONG, Plaintiff-Appellant,
v.
Maury HANNIGAN, Commissioner of the California Highway
Patrol, "C.H.P."; California Highway Patrol; Eddie Gomez,
Chief of the Southern Division of the California Highway
Patrol; Richard Lang, Captain, Chief South--East Los
Angeles Office of the California Highway Patrol, et al.,
Defendants-Appellees.
 No. 91-55881.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 3, 1993.
Decided March 15, 1993.
 
 Before PREGERSON, LEAVY and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Phillip Long brought suit under 42 U.S.C. § 1983 (1988) against several officers of the California Highway Patrol ("C.H.P.") for an allegedly unconstitutional search of his motorcycle repair shop on December 8, 1989. C.H.P. officers had been alerted of appellant's possession of stolen motorcycle parts and had conducted a search of his business pursuant to Calif.Veh.Code § 2805(a) (West 1987). That provision permits the C.H.P. to conduct warrantless inspections of inter alia public garages, repair shops, and automobile dismantler's lots to determine the ownership of the vehicles and vehicle parts therein.
 
 
 3
 In a separate opinion, the district court determined the California statute was unconstitutional and enjoined the attorney general from enforcing it. Long v. Van De Kamp, 772 F.Supp. 1141 (C.D.Cal.1991). However, we determined the Eleventh Amendment prevented such an injunction and reversed the district court's decision. Long v. Van De Kamp, 961 F.2d 151 (9th Cir.1992).
 
 
 4
 On the same day the district court issued its opinion on the unconstitutionality of the statute, it denied Long's motion for summary judgment against the defendants. It also dismissed most of Long's claims by determining that the officers who actually searched his business were protected by qualified immunity, and that the Eleventh Amendment barred suit against the C.H.P. officials. The court did allow trial on the issues of the inspecting officers' use of excessive force and claims regarding the unlawful scope and manner of the inspections. On July 1, 1991, a jury entered a verdict in favor of the defendants.
 
 
 5
 Long now appeals the district court's dismissal of most of his claims under the Eleventh Amendment and the doctrine of qualified immunity. We affirm.
 
 
 6
 * Long contends his suit against appellees Hannigan, Gomez, Lane and Kelly, all officials of the C.H.P., should not have been dismissed under the Eleventh Amendment. That amendment prohibits § 1983 suits against not only states themselves, but also state agencies. Florida Dept. of Health & Rehabilitative Servs. v. Florida Nursing Home Ass'n, 450 U.S. 147, 149-150 (1981); Quern v. Jordan, 440 U.S. 332, 345 (1979). The California Highway Patrol is an agency of the State of California. Cal.Gov't Code § 11000 (West 1992). The suit against the C.H.P. officials in their official capacities is nothing more than an attempt to recover damages from the state, and is thus barred by the Eleventh Amendment. Kentucky v. Graham, 473 U.S. 159, 164-66 (1985); Edelman v. Jordan, 415 U.S. 651, 675-678 (1974); Ford Motor Co. v. Dept. of Treasury of State of Indiana, 323 U.S. 459, 464 (1945). See also Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989) (applying this principle to actions under § 1983 in state court).
 
 
 7
 It is unclear on what basis Long repeatedly attempts to establish liability for the state officials' "failure to train" their subordinates. Such a failure is actionable against municipal officials in limited circumstances under the doctrine enunciated in Monell v. New York City Dept. of Social Servs., 436 U.S. 658 (1978). However, appellant cites no case law applying this concept to state officials and this panel knows of no precedent which supports such a novel proposition. That argument is meritless. While the Monell doctrine may be applied against municipal entities, the Eleventh Amendment bars its application against state entities.
 
 II
 
 8
 Long also contests the district court's determination that his suit against the C.H.P. officials and inspecting officers in their individual capacities was barred by "good faith" or qualified immunity. "[G]overnment officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). A law enforcement officer participating in a search may not "be held personally liable for money damages if a reasonable officer could have believed that the search comported with the Fourth Amendment." Anderson v. Creighton, 483 U.S. 635, 636-637 (1987).
 
 
 9
 The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful; but it is to say that in the light of pre-existing law the unlawfulness must be apparent.
 
 
 10
 Id. at 640 (citations omitted).
 
 
 11
 The district court determined the California statute violated the Fourth Amendment, because it allowed warrantless searches not based on probable cause for purposes of uncovering evidence of criminal violations. Long, 772 F.Supp. at 1147. This decision was reversed by the Ninth Circuit on the grounds that the Eleventh Amendment prevented the type of injunctive relief being sought. Long v. Van De Kamp, 961 F.2d at 152. Although it did not decide the issue of the constitutionality of the statute, the panel found the district judge's "well-reasoned examination of the Fourth Amendment issue persuasive." Id. at 153.
 
 
 12
 Regardless of whether Cal.Veh.Code § 2805 is eventually determined to be unconstitutional, which is not an issue in this appeal, it is apparent that at the time of the search there was no clearly established constitutional right which was knowingly violated by the officers conducting the inspection. The general provisions of Cal.Veh.Code § 2805 have been upheld by the California courts on several occasions. See, e.g., People v. Easley, 90 Cal.App.3d 440 (Cal.App. 2 Dist.), cert. denied, 444 U.S. 899 (1979); People v. Grey, 23 Cal.App.3d 456 (Cal.App. 2 Dist.1972). This circuit has on one occasion "assumed" the California code fits within the exception to the Fourth Amendment warrant requirement for inspections of "pervasively regulated businesses." Lewis v. McMasters, 663 F.2d 954, 955 n. 2 (9th Cir.1981).
 
 
 13
 Appellant argues these cases were decided before the Supreme Court decision in New York v. Burger, 482 U.S. 691 (1987), which he argues somehow greatly clarified the law pertaining to such administrative searches. Although under that decision § 2805 may in fact be unconstitutional, Burger did not make that determination obvious. Burger established a three part test to determine whether the warrantless administrative search of a "pervasively regulated business" was reasonable: there must be a "substantial" government interest in the regulatory scheme; the warrantless search must further that scheme; and the inspection program must advise the owner of the establishment that a search is being made pursuant to the regulation and must limit the discretion of the inspecting officers. Id. at 702-703. Applying this test, the Burger Court upheld the challenged New York regulatory scheme which authorized warrantless administrative inspections of vehicle dismantling operations. Id.
 
 
 14
 It would not have been apparent to inspecting officers that Cal.Veh.Code § 2805 might be unconstitutional when subjected to Burger's involved three part test. Judge Wilson, who determined in a separate opinion that the law did in fact violate the Fourth Amendment, stated in his order in this case that in reaching that decision, the "Court was engaged for a period of several months in a painstaking analysis of Supreme Court precedents, before it resolved the question of the constitutional validity of § 2805." Appellant's contention that Burger "broadly invalidated" Cal.Veh.Code § 2805 is meritless.
 
 
 15
 We agree with the district court's conclusion that a reasonable police officer would have had no reason to suspect that in enforcing the California code, he was violating Long's "clearly established" constitutional rights. The district court did not err in granting the inspecting officers qualified immunity from liability under 42 U.S.C. § 1983. Likewise, any supervisory personnel who may have been involved in the implementation and enforcement of § 2805 must be granted qualified immunity from liability.
 
 
 16
 This panel cannot consider appellant's other broad claims that the search violated California's "clearly established" constitutional rights. Section 1983 by its very terms creates liability only for violations of federal constitutional rights and statutes.
 
 III
 
 17
 Appellant finally argues the evidence was insufficient to sustain the jury's verdict in favor of the defendant police officers. However, appellant provides almost no information or case law to support his contention that the jury was presented with a "distorted and perverted picture" of the inspection. The standard of review for a jury verdict in a civil case is whether it is supported by substantial evidence. George v. City of Long Beach, 973 F.2d 706, 709 (9th Cir.1992), cert. denied, 61 U.S.L.W. 3581 (1993). " 'Substantial evidence is such relevant evidence as reasonable minds might accept as adequate to support a conclusion even if it is possible to draw two inconsistent conclusions from the evidence.' " Id. (quoting Landes Const. Co. v. Royal Bank of Canada, 833 F.2d 1365, 1371 (9th Cir.1987)). The record contains substantial evidence to support the jury's verdict.
 
 
 18
 Appellant also maintains the judge erroneously instructed the jury concerning the issue of forcibly resisting a police search. The district court instructed the jury that "you must consider that no person may forcibly resist a search conducted by police officers, even if the search is made without a warrant." To support his claim that this instruction was "contrary to law," appellant cites only United States v. Prescott, 581 F.2d 1343 (9th Cir.1978). The passage cited by appellant states only that an occupant can "refuse to consent to entry and search." Id. at 1351. However, Prescott does not stand for the proposition that an occupant may forcibly resist. In a portion not cited by appellant, Prescott goes on to state: "Had Prescott forcibly resisted the entry into her apartment, we might have a different case." Id. at 1351. We find no case law which indicates the instruction given by the district court was erroneous.
 
 
 19
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3