John DOE 21949 and John Doe 3798, Plaintiffs

v.

UNITED STATES ATTORNEY GENERAL, Massachusetts Attorney General, and Massachusetts Sex Offender Registry Board, Defendants.

Civil Action No. 09–10813–WGY.

United States District Court, D. Massachusetts.

Sept. 29, 2009.

Maryanne Reynolds, Office of the Attorney General, Christine J. Wichers, United States Attorney's Office, Boston, MA, for Defendants.

*MEMORANDUM AND ORDER*

YOUNG, District Judge.

## I. INTRODUCTION

In 1994, Congress enacted the Jacob Wetterling Act, 42 U.S.C. § 14071(a)-(e), which encourages states to create sex offender registration programs and requires the United States Attorney General to establish guidelines for such programs.[1] States that choose not to create a program or disregard the guidelines receive ten percent less federal funding than they otherwise would have received for state and local law enforcement programs. 42 U.S.C § 14071(g)(A). In 1996, Massachusetts enacted a sex offender registry program that complies with the federal guidelines. *See* Mass. Gen. Laws ch.6, §§ 178C to 178P.

On February 27, 2009, John Doe 21949 and John Doe 3798, both registered sex offenders, brought this action against the United States Attorney General, the Massachusetts Attorney General, and the Massachusetts Sex Offender Registry Board ("the board"),[2] seeking a declaration that

---

1. Congress enacted the statute under the authority of its spending power. U.S. Const., art. I, § 8, cl. 1.

2. The board is the agency of the Commonwealth that classifies sex offenders into risk levels and collects registration information that

the Jacob Wetterling Act and related United States Attorney General guidelines are unconstitutional as applied, an order enjoining enforcement of the same, and attorneys fees and costs. *See* Complaint [Doc. No. 1 Attach. 1]; Amended Complaint [Doc. No. 1 Attach. 2] at 10–11. The plaintiffs further challenge the constitutionality of the Massachusetts Sex Offender Act, although their complaint does not specifically request relief with respect to the state law. *See* Amended Complaint at 4–11.

After the plaintiffs filed their complaint in the Massachusetts Superior Court sitting in and for the County of Middlesex,[3] the defendants, on May 15, 2009, removed it to this Court. They now move to dismiss the complaint, and the plaintiffs oppose the motion. *See* Massachusetts Attorney General's and the board's Motion to Dismiss [Doc. No. 13] and Memorandum in Support ("State Mem.") [Doc. No. 14]; United States Attorney General's Motion to Dismiss [Doc. No. 7] and Memorandum in Support ("U.S.A.G.Mem.") [Doc. No. 11]; Plaintiffs' Opposition to State Defendants' Motion ("Plns.' State Opp'n") [Doc. No. 23]; Plaintiffs' Opposition to Federal Defendant's Motion ("Plns.' Fed. Opp'n") [Doc. No. 25].

## II. ANALYSIS

Many of the plaintiffs' claims must be dismissed for lack of standing, and the Court will begin its analysis with that issue.

### A. The Plaintiffs' Standing to Challenge the Federal Law

The United States Attorney General contests the plaintiffs' standing to challenge the Jacob Wetterling Act, contending that the plaintiffs have failed to satisfy any of the three requirements for standing: that they have "suffered a concrete and particularized injury that is either actual or imminent, that the injury is fairly traceable to the defendant, and that it is likely that a favorable decision will redress that injury." *Massachusetts v. E.P.A.*, 549 U.S. 497, 518, 127 S.Ct. 1438, 167 L.Ed.2d 248 (2007) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). *See* U.S.A.G. Mem. at 5.

### 1. Injury

The United States Attorney General contests the plaintiffs' showing of a "distinct and palpable" injury, *see Allen v. Wright*, 468 U.S. 737, 751, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984), pointing out their failure to allege "for example, that enforcement of the JWA (or the Massachusetts law) has caused them to lose unemployment or interfered with their ability to rent an apartment." U.S.A.G. Mem. at 6. The plaintiffs respond with affidavits prepared by them contending that they indeed have suffered certain "concrete injuries" including, on the part of John Doe 3798, loss of a job. *See* Affidavit of John Doe 3798 [Doc. No. 25 Attach. 1] at 2, lines 17–23.

The Court questions whether this sort of injury must be proven to satisfy the injury element, or whether the registration requirement alone is sufficient. At least with respect to the Massachusetts Constitution, "[t]he requirement that a citizen notify a government agency of his current address is ... an imposition on the citizen's liberty." *Roe v. Attorney General,*

---

from them. *See* Mass. Gen. Laws c. 6, §§ 178D, K.

**3.** The claims against the Massachusetts Attorney General were brought in the Amended Complaint. *See* Amended Complaint [Doc. No. 1 Attach. 2].

434 Mass. 418, 428, 750 N.E.2d 897 (2001) ("[t]he mere fact that a citizen is being forced to take some action (unconnected with the citizen's own desire to engage in a form of regulated activity) infringes, to at least some extent, on his liberty"); *Doe v. Attorney General,* 426 Mass. 136, 149–50, 686 N.E.2d 1007 (1997) (Fried, J., concurring) ("To require registration of persons not in connection with any particular activity asserts a relationship between government and the individual that is in principle quite alien to our traditions, a relationship which when generalized has been the hallmark of totalitarian government. This is not to say that registration is always an unjustifiable infringement on liberty, but only that any justification for it must take into account its peculiar burdens in measuring them against the harm to be averted."). The Court need not resolve this question, however, as the plaintiffs fail to carry their burden with respect to the second and third requirements.

### 2. Causation and Redressability

■ The Supreme Court has explained that when a suit "is one challenging the legality of government action or inaction, the nature and extent of facts that must be averred (at the summary judgment stage) . . . in order to establish standing depends considerably upon whether the plaintiff is himself an object of the action . . . at issue." *Lujan,* 504 U.S. at 561, 112 S.Ct. 2130. In cases, like this one, where the plaintiffs' asserted injury arises from the government's allegedly unlawful regulation of another entity (here, Massachusetts), "standing is not precluded, but it is ordinarily 'substantially more difficult' to establish." *Id.* at 562, 112 S.Ct. 2130. Since in these circumstances "causation and redressability ordinarily hinge on the response of the regulated . . . third party to the government action," it is the burden of the plaintiffs "to adduce facts showing that those choices have been or will be made in such manner as to produce causation and permit redressability of injury." *Id.* Here the plaintiffs have not done so.

First, the plaintiffs have failed to show that the Jacob Wetterling Act caused their injury: as described above, the Act does not require states to enact sex offender registration programs, but rather creates a financial incentive for them to do so. Showing that redressability is "likely" presents a second roadblock for the plaintiffs. Citizens of the Commonwealth are accustomed to the protections provided by the registration program, and it would be pure speculation for this Court to conclude that the General Court would repeal the state sex offender law were the Jacob Wetterling Act invalidated.

### B. John Doe 21949's Standing to Challenge the State Sex Offender Act

■ According to his opposition memorandum, John Doe 21949 pled guilty to a sexually violent offense in the Massachusetts Superior Court in 1985, served his sentence in the Commonwealth, and was released from observation status in the Massachusetts Treatment Center on March 13, 2006. Plns' State Opp'n at 2. He currently is a resident of the State of New York, Amended Complaint ¶ 6, and is registered as a sex offender there pursuant to New York law. Plns' State Opp'n at 2. He does not allege that he currently is, or is required to be, registered pursuant to Massachusetts law. Because John Doe 21949 has not shown that any injury he suffers was caused by the Massachusetts Sex Offender Act, his claims against the state defendants must be dismissed for lack of standing. *See Lujan,* 504 U.S. at 560–61, 112 S.Ct. 2130.

### C. John Doe 3798's Claims

The state defendants do not challenge the standing of John Doe 3798, who is a

Massachusetts resident registered as a sex offender pursuant to Massachusetts law. *See* Amended Complaint ¶ 7. Rather, the board contends that his claims against it are precluded, and the Massachusetts Attorney General argues that the claims against her are barred by the Eleventh Amendment.

### 1. Claims Against the Board

■ The board's claim preclusion[4] argument is based on an earlier action against it in which John Doe 3798 challenged his classification level and registration obligation in the Massachusetts Superior Court pursuant to Massachusetts General Laws Chapter 30A. State Mem. at 5–7. A Justice in the Superior Court rejected, inter alia, John Doe 3798's argument that he was subject to a bill of attainder, and affirmed the decision of the board classifying John Doe 3798 as a level three offender; the Massachusetts Appeals Court affirmed. *See Doe v. Sex Offender Registry Board,* No. 06–P–368, 68 Mass.App.Ct. 1114, 2007 WL 895859 (Mass.App.Ct. Mar. 26, 2007).

John Doe 3798 contends that, despite the earlier action, he is not precluded from challenging the constitutionality of the state sex offender act because the Supreme Judicial Court since has decided a case in a way that, he argues, supports his position. *See Doe v. Sex Offender Registry Board,* 450 Mass. 780, 793, 882 N.E.2d 298 (2008) (concluding that, as applied to a particular plaintiff, the retroactive imposi-tion of the registration requirement without a hearing offended procedural due process rights). Plns' State Opp'n at 4. The simple answer is that "claim preclusion[ ] is not affected by a change in the law." *Coors Brewing Co. v. Mendez–Torres,* 562 F.3d 3, 12 (1st Cir.2009); *see also* 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4415 (2d ed. 2008) ("Change in the controlling principles of law ordinarily does not warrant denial of claim preclusion.").

### 2. Claims Against the Massachusetts Attorney General

The Massachusetts Attorney General, relying on the jurisdictional bar of the Eleventh Amendment,[5] contends she is immune from suit in federal court with respect to the constitutionality of the state law unless she has threatened to enforce it, which, she argues, she has not done in this case. State Mem. at 7–8. She is correct that a state official's broad powers to enforce the laws of a state are insufficient to bring the official into federal court. *See Long v. Van de Kamp,* 961 F.2d 151, 152 (9th Cir.1992) (concluding that the Eleventh Amendment bars federal court jurisdiction over an action against the California Attorney General "[a]bsent a real likelihood that the state official will employ his supervisory powers against plaintiffs' interests"); *see also Sherman v. Community Consolidated School Dist. 21 of*

---

**4.** Claim preclusion bars litigation of claims that were or could have been brought in an earlier suit. *See Kobrin v. Board of Registration in Med.,* 444 Mass. 837, 843, 832 N.E.2d 628 (2005). There are three elements: "(1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits." *Id.* (quoting *DaLuz v. Department of Correction,* 434 Mass. 40, 45, 746 N.E.2d 501 (2001)).

Federal courts must give state court judgments the same res judicata effect that they would receive in the courts of the state. 28 U.S.C. § 1738.

**5.** The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

*Wheeling Tp.*, 980 F.2d 437, 441 (7th Cir. 1992) (dismissing claim against Attorney General of Illinois seeking declaration that law requiring recitation of Pledge of Allegiance was unconstitutional because the Illinois Attorney General never threatened prosecution and had no authority to do so). Rather, "under *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), there must be a connection between the official sued and enforcement of the allegedly unconstitutional statute, and there must be a threat of enforcement." *Long*, 961 F.2d at 152.

■ The Massachusetts Attorney General has ignored a crucial aspect of this case, however: she consented to its removal. *See Chicago, R.I. & P.R. Co. v. Martin*, 178 U.S. 245, 248, 20 S.Ct. 854, 44 L.Ed. 1055 (1900) (removal requires the consent of all defendants). *See* Notice of Removal [Doc. No. 1]. Because "removal is a form of voluntary invocation of a federal court's jurisdiction sufficient to waive the State's otherwise valid objection to litigation of a matter (here of state law) in a federal forum," *Lapides v. Board of Regents of Univ. Sys. Of Georgia*, 535 U.S. 613, 624, 122 S.Ct. 1640, 152 L.Ed.2d 806 (2002), the Attorney General's reliance on the Eleventh Amendment must fail.

This is the only argument the Massachusetts Attorney General makes in support of dismissal. Claim preclusion might work for her as it did for the board were the Massachusetts Attorney General and the board in privity. No evidence of privity is suggested, however, and, if they are not, the Massachusetts Attorney General would have to rely on non-mutual claim preclusion. *See e.g. Airframe Systems, Inc. v. Raytheon Co.*, 520 F.Supp.2d 258, 266 (D.Mass.2007) ("Although claim preclusion generally applies only where the parties in the two suits are the same, defensive non-mutual claim preclusion may yet be applicable in cases where the new defendant shares a 'significant relationship' with the old."). This works for her with respect to the federal challenge on the authority of *Airframe*. Non-mutual claim preclusion is, however, a federal doctrine that has not been adopted by the Massachusetts Supreme Judicial Court.

## III. CONCLUSION

Because the plaintiffs lack standing to challenge the federal act, the United States Attorney General's motion to dismiss [Doc. No. 7] is allowed.

John Doe 21949 lacks standing to challenge the state law as well, as he is neither a resident nor registered offender in the Commonwealth. John Doe 3798 is precluded from bringing the instant claims against the board by his earlier challenge in the Superior Court. The Massachusetts Attorney General, however, has presented no persuasive reason in support of dismissal of the claims against her. Therefore, the state defendants' motion to dismiss [Doc. No. 13] is allowed in full with respect to the board but only insofar as it pertains to the claims by John Doe 21949 with respect to the Massachusetts Attorney General.

The remaining claim, John Doe 3798's constitutional challenge to the Massachusetts Sex Offender Registration Act, presents no federal question. Accordingly, that issue alone is remanded to the Massachusetts Superior Court sitting in and for the County of Middlesex.

SO ORDERED.