**Michael A. RANCOURT and Mark A. Simari, Appellants**

v.

**Eric H. HOLDER, Jr., United States Attorney General, Appellee.**

No. 13–5341.

United States Court of Appeals, District of Columbia Circuit.

Dec. 2, 2014.

Michael A. Rancourt, Webster, MA, pro se.

Mark A. Simari, Syracuse, NY, pro se.

Dionne Sethna Shy, R. Craig Lawrence, U.S. Attorney's Office, Washington, DC, for Appellee.

BEFORE: ROGERS, KAVANAUGH, and PILLARD, Circuit Judges.

## JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's dismissal order filed September 20, 2013 be affirmed. The United States District Court for the District of Massachusetts and the First Circuit have held that appellants lack standing to challenge the Jacob Wetterling Act. *See Doe v. United States Attorney General,* 657 F.Supp.2d 315, 317–18 (D.Mass.2009), *aff'd,* No. 09–2388, unpublished judgment (1st Cir. Mar. 8, 2010). Preclusion principles apply to jurisdictional determinations, *see, e.g., Kasap v. Folger Nolan Fleming & Douglas, Inc.,* 166 F.3d 1243, 1248 (D.C.Cir.1999); *Cutler v. Hayes,* 818 F.2d 879, 888–89 (D.C.Cir.1987), and appellants have not shown that *United States v. Kebodeaux,* —— U.S. ——, 133 S.Ct. 2496, 186 L.Ed.2d 540 (2013), and *Bond v. United States,* —— U.S. ——, 131 S.Ct. 2355, 180 L.Ed.2d 269 (2011), prevent application of those principles here.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.

*See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.