**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JOSEPH BOVA; MARLENE SCUDDER,
        *Plaintiffs-Appellants,*

v.

CITY OF MEDFORD, an incorporated
subdivision of the State of
Oregon; MICHAEL DYAL, City
Manager of the City of Medford,
in his official capacity,
        *Defendants-Appellees.*

No. 08-35091

D.C. No.
CV-06-01369-PA

ORDER AND
OPINION

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, District Judge, Presiding

Argued and Submitted
March 3, 2009—Portland, Oregon

Filed May 4, 2009

Before: Susan P. Graber, Raymond C. Fisher, and
Milan D. Smith, Jr., Circuit Judges.

Opinion by Judge Graber

5167

## COUNSEL

Stephen L. Brischetto, Portland, Oregon, for the plaintiffs-appellants.

Robert E. Franz, Jr., Law Office of Robert E. Franz, Jr., Springfield, Oregon, for the defendants-appellees.

## ORDER

The memorandum disposition filed March 6, 2009, is redesignated as an authored opinion by Judge Graber with modifications.

With the filing of the attached opinion, the petition for panel rehearing is DENIED. No further petitions for rehearing or rehearing en banc may be filed.

## OPINION

GRABER, Circuit Judge:

This appeal concerns Defendant City of Medford's ("City") policy of discontinuing health care insurance coverage to City employees after they have retired from City service. Plaintiffs are current employees of the City who have not yet retired—and thus who have not yet been denied any benefits—but who seek injunctive and declaratory relief from the City. We dismiss their claims as unripe.[1]

---

[1]In a related case, *Doyle v. City of Medford*, No. 07-35753, retired City employees assert the same substantive claims as in this action. In an order filed this date, we certified certain questions regarding those substantive claims to the Oregon Supreme Court.

## FACTUAL AND PROCEDURAL HISTORY

Oregon Revised Statutes section 243.303(2) reads, in pertinent part:

> The governing body of any local government that contracts for or otherwise makes available health care insurance coverage for officers and employees of the local government shall, insofar as and to the extent possible, make that coverage available for any retired employee of the local government who elects within 60 days after the effective date of retirement to participate in that coverage and, at the option of the retired employee, for the spouse of the retired employee and any unmarried children under 18 years of age.

In 1986, the City adopted Resolution No. 5715, which set forth the City's plan for complying with Oregon Revised Statutes section 243.303. The Resolution interprets section 243.303 to require "that continuation of health insurance be offered to employees who retire from City service." Before 1990, the City permitted all of its employees to elect to continue their health insurance coverage upon retirement. Between 1990 and 2002, the City switched many of its employees, including Plaintiffs, to a health insurance program with the Oregon Teamsters Employers Trust ("Teamsters"), which does not give the employees an opportunity to continue coverage after they retire. To date, the members of the Teamsters have not approved an extension of health insurance benefits to retirees.

Plaintiff Joseph Bova is currently employed by the City as a manager in the Public Works Department. Plaintiff Marlene Scudder is currently employed as a City police officer. Both Plaintiffs are eligible for retirement. *See* Or. Rev. Stat. § 238.280 (describing the retirement eligibility requirements

for public employees). The complaint alleges that both Plaintiffs will retire within three years of the complaint's filing.

Plaintiffs allege that the City has violated Oregon Revised Statutes section 243.303; City Resolution No. 5715; the Due Process Clause of the Fourteenth Amendment; the federal Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634; and the Oregon age discrimination statute, Oregon Revised Statutes section 659A.030. They seek declaratory and equitable relief for each claim, but no damages. Although Plaintiffs allege that they are both of retirement age and could choose to retire at any time, neither has retired. Consequently, neither has been denied health insurance coverage by the City.

After granting summary judgment to Defendants in the related case of *Doyle v. City of Medford*, No. CV 06-3058-PA, 2007 WL 2248161 (D. Or. July 30, 2007) (unpublished decision), the district court granted summary judgment to Defendants in this case on the federal claims. The court dismissed Plaintiffs' remaining state law claims with leave to refile in state court.[2]

## STANDARD OF REVIEW

Although the parties did not raise the issue of subject matter jurisdiction, "we have an independent obligation to inquire into our own jurisdiction." *Perez-Martin v. Ashcroft*, 394 F.3d 752, 756 (9th Cir. 2005). The existence of jurisdiction is a question of law that we review de novo. *Id.*

## DISCUSSION

[1] The federal courts are limited to deciding "cases" and

---

[2]Plaintiffs subsequently filed an action in Oregon state court asserting their state law claims. *Bova v. City of Medford*, Case No. 08-1663-E7, Circuit Court of Jackson County (amended complaint filed Apr. 10, 2008).

"controversies." U.S. Const. art. III, § 2. Two components of the Article III case or controversy requirement are standing and ripeness. *Colwell v. Dep't of Health & Human Servs.*, 558 F.3d 1112, 1121 (9th Cir. 2009). These concepts are "closely related." *Id.* at 1123. To have standing, a plaintiff must have suffered an injury in fact that is "concrete and particularized;" that can be fairly traced to the defendant's action; and that can be redressed by a favorable decision of the court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). "While standing is primarily concerned with *who* is a proper party to litigate a particular matter, ripeness addresses *when* litigation may occur." *Lee v. Oregon*, 107 F.3d 1382, 1387 (9th Cir. 1997). "[I]n many cases, ripeness coincides squarely with standing's injury in fact prong." *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc). The ripeness inquiry in some cases may therefore "be characterized as standing on a timeline." *Id.*[3]

**[2]** For example, "[a] claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580-81 (1983) (internal quotation marks omitted)). That is so because, if the contingent events do not occur, the plaintiff likely will not have suffered an injury that is concrete and particularized enough to establish the first element of standing. *See Lujan*, 504 U.S. at 560. In this way, ripeness and standing are intertwined.

In *Auerbach v. Board of Education*, 136 F.3d 104, 108-09 (2d Cir. 1998), the Second Circuit applied a mixed standing/

---

[3]Because we hold that Plaintiffs have not met the constitutional requirement for ripeness, we do not address the doctrine's prudential components. *See Colwell*, 558 F.3d at 1123 (noting that if a plaintiff meets the constitutional ripeness requirement, the next step is an analysis of the prudential considerations).

ripeness analysis to a factual scenario much like the one presented here. In *Auerbach*, six of the fourteen plaintiffs were current school district employees who alleged that the district's retirement incentive policy violated the ADEA. *Id.* at 108. The district court rejected their claims as unripe because they had not yet retired and, therefore, had not yet been deprived of the benefits given to their retired colleagues under the policy. *Id.* The Second Circuit affirmed, holding:

> The injury alleged by the six teachers employed by the school district at the time of the commencement of this litigation was entirely speculative. When this action was initiated, these teachers had not retired and consequently, had not been denied any incentive benefits paid to their younger colleagues under the retirement plan. That is to say, they had suffered no injury in fact. These teachers maintained that *if* they retired while the current labor agreement was in effect, they would not receive the plan's benefits. This claim is contingent upon retirement. Nevertheless, the factual event forming the basis of the claim, i.e., their retirement, had not occurred at the commencement of the action.

*Id.* at 109.

[3] Similarly, here, Plaintiffs' alleged injury—denial of health insurance coverage—has not yet occurred. It is contingent upon two events: (1) each Plaintiff's retirement from City service; and (2) the City's official denial of benefits to him or her. It is possible that neither of the two events will occur. Plaintiffs could change jobs, be terminated, or die (though we hope not) before retiring. Or, by the time Plaintiffs retire, the City may have abandoned its current policy in favor of one that provides insurance coverage to retired employees, mooting the substantive questions at issue. Just as in *Auerbach*, unless and until contingent events occur, neither

Plaintiff will have suffered an injury that is concrete and particularized enough to survive the standing/ripeness inquiry.

Plaintiffs challenge that conclusion on several grounds. First, they argue that their eligibility for retirement, based on the allegations in the complaint and Oregon law regarding the retirement age for public employees, is sufficient to establish an injury in fact. They base this argument on *Monterey Mechanical Co. v. Wilson*, 125 F.3d 702 (9th Cir. 1997), a contracting set-aside case in which we held that "[b]eing forced to compete on an unequal basis because of race (or sex) is an injury under the *Equal Protection Clause*." *Id.* at 707 (emphasis added).

The equal protection injury alleged in *Monterey Mechanical*, however, is unlike the due process injury Plaintiffs allege in this case. "[T]he 'injury in fact' " alleged in *Monterey Mechanical* was "the *inability to compete* on an equal footing in the bidding process" as a result of a state program that made classifications based on race and sex. *Id.* at 706 (emphasis added). This equal protection injury would therefore have occurred whether or not the plaintiffs ultimately lost a contract as a result of the set-aside program. By contrast, the due process injury alleged in this case is the *loss* of a tangible benefit in which Plaintiffs claim to have a property interest. *See Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998) (" To establish a substantive due process claim, a plaintiff must, as a threshold matter, show a government deprivation of life, liberty, or property."). As we explained, however, this loss has yet to—and may never—occur. *Monterey Mechanical* is therefore inapposite.

Second, Plaintiffs argue that, because the City's current policy would deny them health insurance coverage after they retire, they *may* delay their retirement, *may* leave the City of Medford to join another public employer that provides post-retirement insurance, or *may* make medical decisions differently than they would if they were guaranteed coverage after

retiring. The contingencies that they describe are not sufficiently tangible or definite to meet the "concrete and particularized" injury requirement of *Lujan*. And, because Plaintiffs have not alleged that they have actually delayed their retirements, left their jobs, or made different medical decisions on account of the City's policy, these potential injuries rest, again, on future contingent events—delaying, leaving, or choosing differently—that may or may not occur. *See Texas*, 523 U.S. at 300.

Third, Plaintiffs dispute that there is any evidence in the record that the City may change its policy before they retire. But even if the City does not elect on its own to change the policy, the outcome in the related case of *Doyle v. City of Medford*, No. 07-35753, which deals with the same substantive issues, may force it to do so, and that change could occur before Plaintiffs retire.

**[4]** We therefore reject Plaintiffs' contentions. Drawing on the wisdom of the Second Circuit in *Auerbach*, we return this case to the district court to dismiss it as unripe.

JUDGMENT VACATED; REMANDED with instructions to DISMISS. Costs on appeal are awarded to Defendants.