POTRERO HILLS LANDFILL, INC., BLT Enterprises of Sacramento, Inc., Brentwood Disposal Service, Inc., Concord Disposal Service, Inc., Contra Costa Waste service, Inc., Discovery Bay Disposal Inc., Novato Disposal Service, Inc., Oakley Disposal Service, Inc., Pacific Coast Disposal Corporation, Pittsburg Disposal and Debris Box Service, Inc., Redwood Empire Disposal, Inc., Rio Vista Sanitation Service, Inc., Rohnert Park Disposal, Inc., Santa Rosa Recycling and Collection Inc., Sunrise Garbage Service, Inc., Timber Cove Recycling, Inc., Trashpros, LLC, Waste Connections, Inc., Waste Connection of California, Inc., West Coast Recycling and Transfer Inc., West Sonoma County Disposal Service, Inc., West Sonoma County Transfer, Inc., and Windsor Refuse and Recycling, Inc., Plaintiffs,

v.

COUNTY OF SOLANO, Defendant.

Sustainability, Parks, Recycling and Wildlife Legal Defense Fund, Sierra Club, and Northern California Recycling Association, Intervenors.

Case No. 2:09–CIV–02514 JAM–JFM.

United States District Court, E.D. California.

April 12, 2012.

James B. Slaughter, PHV, Beveridge & Diamond, PC, Washington, DC, Daniel M. Brian, Gary J. Smith, Lily Niu Chinn, Beveridge & Diamond, P.C., San Francisco, CA, for Plaintiffs.

Azniv Darbinian, Solano County Counsel, James William Laughlin, Office of County Counsel, Fairfield, CA, Nicole Suzanne Gordon, State of California, San Francisco, CA, for Defendant.

John Douglas Moore, Henn, Etzel & Moore, Oakland, CA, Robert S. Perlmutter, Shute, Mihaly and Weinberger, Nicole Suzanne Gordon, State of California, San Francisco, CA, Kelly Theodore Smith, The Smith Firm, Sacramento, CA, for Intervenors.

## ORDER GRANTING INTERVENORS' MOTIONS TO DISMISS

JOHN A. MENDEZ, District Judge.

This matter comes before the Court on remand from the Ninth Circuit Court of Appeals, with a mandate to consider the grounds for dismissal of Plaintiffs Potrero Hills Landfill, et al.'s First Amended Complaint ("FAC") (Doc. # 17), other than *Younger* abstention, presented by Intervenors Sustainability, Parks, Recycling and Wildlife Legal Defense Fund ("SPRAWL-DEF"), Sierra Club, and Northern California Recycling Association ("NCRA"). *See Potrero Hills Landfill, Inc. v. County of Solano,* 657 F.3d 876, 879, 890 (9th Cir. 2011) (hereinafter "PHLI").

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The relevant facts and procedural history leading up to the filing of the pending case were aptly summarized by the Ninth Circuit, and need not be repeated here. *See PHLI,* 657 F.3d at 879–881.  However, the developments in the concurrent state court cases, now consolidated on appeal to the First District Court of Appeals, are relevant to the Court's inquiry and therefore summarized below.

In May 2010, the Solano County Superior Court issued a written opinion regarding the constitutionality of Measure E. Doc. # 67 at 3; *see also* Doc. # 67, Exhibit A.  The state court upheld Measure E, in part, by applying California law to judicially reform the challenged Measure.  In doing so, the court found that Measure E would not offend the federal Commerce Clause, as it would apply only to waste generated within other counties in California, and it issued a writ of mandamus, directing Defendant Solano County to enforce the measure only against waste produced within California.  *Id.*  The state court also denied Intervenors' request to overturn a landfill expansion permit approved by the court in June 2009 and subsequently rejected Intervenors' motions to reconsider.  Several Plaintiffs, Defendant, and Intervenors appealed the rulings, which were consolidated on appeal. *Id.*  Their petitions are currently pending before the First District Court of Appeals, and no date for oral argument has been set.

## II.  OPINION

Currently pending before this Court are two motions to dismiss Plaintiffs' FAC, filed by Intervenors SPRAWLDEF (Doc. # 31) and Sierra Club and NCRA (Doc. # 34), respectively, which Plaintiffs and Defendant oppose. *See* Doc. ## 42, 43.

Following the Ninth Circuit's opinion, and an order by this Court, the parties filed supplemental briefing on the issues raised by the original motions to dismiss. *See* Doc. ## 69, 70, 72, 73, 75. This Court heard argument on the submitted motions to dismiss, and supplemental briefing, on January 11, 2012. At the conclusion of the hearing, the Court ordered further supplemental briefing on the *Colorado River* abstention doctrine, as well as dismissal pursuant to the Declaratory Relief Act. These issues were fully briefed and submitted by the parties on February 3, 2012. *See* Doc. ## 85–90.

Through its mandate, the Ninth Circuit directed this Court to consider Intervenors' alternative grounds for dismissal, including the applicability of the *Pullman* abstention doctrine, *R.R. Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), "in the first instance." *See PHLI*, 657 F.3d at 890. It is important to note, at the outset, that a Court has discretion to choose among threshold jurisdictional issues. *See, e.g., Sinochem International Co., Ltd. v. Malaysia International Shipping Corp.*, 549 U.S. 422, 430–431, 127 S.Ct. 1184, 167 L.Ed.2d 15 (2007). However, unlike *Younger*, abstention under *Pullman* requires a federal court to retain jurisdiction by staying the action where abstention is appropriate. *See id.; accord Pullman*, 312 U.S. 496, 61 S.Ct. 643. Indeed, *Pullman* abstention has not been found to be one of the "threshold grounds for denying audience to a case on the merits," *Sinochem International*, 549 U.S. at 431, 127 S.Ct. 1184 (citations omitted), as it "does not implicate [a federal court's] subject matter jurisdiction...." *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 802 (9th Cir.2001).

Importantly, the Supreme Court has made clear that a federal district court cannot "assume jurisdiction," in order to address a "merits question." *Steel Com-pany v. Citizens for a Better Environment*, 523 U.S. 83, 93–96, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). In this case, it is necessary to first address the arguments for dismissal presented by Intervenors relating to Plaintiffs' Article III standing, ripeness and prudential standing. As further described below, because this Court finds that Plaintiffs have not properly alleged standing or ripeness in the FAC, this Court is precluded from addressing *Pullman* "in the first instance." *See City of South Lake Tahoe v. California Tahoe Regional Planning Agency*, 625 F.2d 231, 232 (9th Cir.1980) ("[W]e find that standing must be ascertained before a court proceeds to exercise its discretion to abstain [under *Pullman*]."); *Miller–Davis Company v. Illinois State Toll Highway Authority*, 567 F.2d 323, 325–26 (7th Cir. 1977) (finding a district court erred in abstaining under *Pullman* before it "resolved any problems as to its jurisdiction").

Intervenors move to dismiss Plaintiffs' FAC under Federal Rule of Civil Procedure 12(b)(1), arguing that Plaintiffs have failed to plead they have standing under Article III to maintain their section 1983 claim, that Plaintiffs' claim fails because it is not ripe for judicial review, and that Plaintiffs lack prudential standing to bring the present lawsuit. *See* Doc. ## 34, 47. The Court will address each of these jurisdictional arguments in turn.

### A. *Article III Standing*

A court may dismiss an action under Rule 12(b)(1) "when the District Court lacks subject matter jurisdiction over the claim." FED. R. CIV. P. 12(b)(1). A motion made pursuant to Rule 12(b)(1) "may either attack the sufficiency of the pleadings to establish federal jurisdiction, or allege an actual lack of jurisdiction which exists despite the formal sufficiency of the complaint. Because challenges to standing im-

plicate a federal court's subject matter jurisdiction ... they are properly raised in a [12(b)(1)] motion to dismiss." *Meaunrit v. ConAgra Foods Inc.,* 2010 WL 2867393, *3 (N.D.Cal. July 20, 2010) (internal citations omitted). Additionally, under Rule 12(b)(1), a court may dismiss a claim that is unripe for review. *Carson Harbor Village, Ltd. v. City of Carson,* 353 F.3d 824, 825 & n. 3 (9th Cir.2004).

■ The United States Constitution limits the judicial authority of federal courts to cases and controversies. U.S. CONST. ART. III, § 2. A court will not have subject matter jurisdiction over an action unless a live case or controversy exists, *United States Nat'l Bank of Or. v. Independent Ins. Agents of Am.,* 508 U.S. 439, 113 S.Ct. 2173, 124 L.Ed.2d 402 (1993), and Article III requires that a plaintiff have standing throughout litigation. *See Flast v. Cohen,* 392 U.S. 83, 97, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968). If subject matter jurisdiction is lacking "at any time ..., the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

■ The party invoking federal jurisdiction has the burden of establishing the elements of standing, which are: (1) injury in fact; (2) causal connection between injury and conduct complained of; and (3) redressability. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

■ Intervenors challenge only the injury in fact element, arguing that as pled, Plaintiffs have failed to demonstrate an injury that is not speculative. Doc. # 34 at 7–8. Intervenors contend that the FAC lacks allegations that Measure E is being enforced, or that there is a genuine threat of enforcement. *Id.* To demonstrate an injury in fact, sufficient to maintain standing in this case, Plaintiffs must have suffered "an invasion of a legally protected interest which is (a) concrete and particularized, [] and (b) actual or imminent, not

conjectural or hypothetical." *Lujan,* 504 U.S. at 560, 112 S.Ct. 2130 (quotations and citations omitted).

■ While Plaintiffs are correct, that "[they] don't have to wait until the sheriff comes and puts a padlock on Potrero Hills Landfill," Hearing Transcript, Doc. # 84 at pg. 13:22–24, they are required to demonstrate that there is some genuine threat of enforcement, raising the potential injury in this case beyond the speculative level. *See Lujan,* 504 U.S. at 564, fn. 2, 112 S.Ct. 2130 (requiring any alleged future injury to be "certainly impending"); *Mortensen v. County of Sacramento,* 368 F.3d 1082 (9th Cir.2004). Paragraph 3 of Plaintiffs' FAC exemplifies the speculative nature of their alleged injuries in this case: "[U]nless Measure E is declared to be unlawful, Defendant [] will be compelled to enforce Measure E, thereby causing Plaintiffs substantial injury." (Doc. # 17). Throughout the rest of the FAC, Plaintiffs discuss possible injuries they may suffer if Measure E is enforced. *See* FAC at ¶¶ 6, 7, 10, 51–56, 61–64 (suggesting what "will" or "would" happen). However, there are no facts pled substantiating Plaintiffs' claim that there is truly an imminent threat of enforcement, and the length of this case, coupled with the ongoing state court litigation, further demonstrate that there is little or no real threat of enforcement, let alone an imminent threat. *Accord See Gospel Missions of Am. v. City of L.A.,* 328 F.3d 548, 555 (9th Cir.2003) (religious nonprofit lacked standing to challenge local ordinance because allegations raised only mere possibility of future injury); *San Diego County Gun Rights Committee v. Reno,* 98 F.3d 1121, 1126 (9th Cir.1996).

As Intervenors argued, and was discussed at the hearing, any potential harm to Plaintiffs is twice removed—first, there must be a finding that Measure E is constitutional and enforceable, then there

must be steps taken to actually enforce the statute against Plaintiffs. The attenuated nature of the threat as pled in the FAC also confirms Intervenors' argument that any harm in this case is purely speculative. *See Lujan*, 504 U.S. at 564, 112 S.Ct. 2130; *City of Los Angeles v. Lyons*, 461 U.S. 95, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983) (holding the plaintiff failed to demonstrate a "real and immediate threat" of future injury where potential harm was twice removed, in that the plaintiff would have to be arrested again, then subject to another allegedly unlawful chokehold).

There is one paragraph in the FAC where Plaintiffs suggest they are presently suffering an injury, in that the threat of enforcement has caused "immediate disruption to Plaintiffs' business operations." FAC at ¶ 63. However, this alleged harm does not meet *Iqbal's* plausibility standard, as there are no facts in the complaint substantiating any harm presently suffered by Plaintiffs. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)) (assertions that are mere "legal conclusions" are not entitled to the assumption of truth). Accordingly, Plaintiffs cannot rely on this one conclusory allegation to establish that a live case or controversy exists.

Turning to Intervenor Sierra Club's argument that this case lacks the requisite adversity to satisfy Article III, Sierra Club contends that the proceeding is a "friendly lawsuit" in which Plaintiffs and Defendant desire the same outcome and are in a collusive relationship. Plaintiffs refute this argument, relying on *INS v. Chadha*, 462 U.S. 919, 103 S.Ct. 2764, 77 L.Ed.2d 317 (1983) to support their position that the necessary adversity exists and that sufficient injury has been pled. Having reviewed each of the four cases relied upon by Sierra Club to support its argument, the Court finds that all of the cases are readily distinguishable from the case at bar. *Compare, e.g., U.S. v. Johnson*, 319 U.S. 302, 63 S.Ct. 1075, 87 L.Ed. 1413 (1943) (finding there was no case or controversy because, *inter alia*, the plaintiff was "nominally" represented by counsel selected by an allegedly adversarial party). There is no evidence in this case that a collusive relationship exists between Plaintiffs and Defendant, nor is there an absence of a genuine adversary issue between the parties that would require dismissal. *Compare id.*

While the Court finds that this is not a "friendly lawsuit", nevertheless, it also finds that Plaintiffs' reliance on *Chadha* is misplaced. *Compare Chadha*, 462 U.S. 919, 103 S.Ct. 2764 (1983). Unlike this case, the plaintiff there was facing direct, imminent harm, in the form of deportation, as a result of the active enforcement of a statute he was challenging as unconstitutional; therefore, *Chadha* is inapposite. *Id.* at 935–36, 103 S.Ct. 2764. Additionally, in *Chadha* the Court found that the necessary adversity existed prior to any intervention. *Id.* at 939–40, 103 S.Ct. 2764. Thus, the Court finds that while there is not a collusive relationship between the Plaintiffs and Defendant impeding Article III jurisdiction, Plaintiffs lack standing under Article III because they have failed to sufficiently allege injury in fact.

At oral argument, Plaintiffs asserted that if granted leave to amend, they could add allegations regarding difficulties negotiating contracts and other business dealings to offer greater detail on the precise harms that they are presently suffering as a result of concerns over potential future enforcement of Measure E. Hearing Transcript, Doc. # 84 at pgs. 11–12:9–13. In light of these representations to the Court, Plaintiffs will be given leave to

amend the FAC and a final opportunity to adequately allege standing.

## B. *Ripeness*

In addition to challenging standing, Intervenors argue that the present case is not ripe for decision at this time, because there is no immediate threat that Measure E will be enforced. Plaintiffs contend that the case is ripe because there is a threat of enforcement and the Court need not wait for it to mature into what would become a significant business injury. Plaintiffs rely on *In re Coleman*, 560 F.3d 1000 (9th Cir.2009), for the proposition that if the facts alleged show there is a substantial controversy between parties having adverse legal interests, of sufficient immediacy and reality, the case is ripe and warrants the issuance of a declaratory judgment.

Ripeness has both constitutional and prudential components. *See, e.g., In re Coleman*, 560 F.3d 1000, 1004 (9th Cir. 2009). The question of ripeness goes to whether this court has subject matter jurisdiction. *Southern Pac. Transp. Co. v. Los Angeles*, 922 F.2d 498, 502 (9th Cir. 1990). Ripeness addresses when a suit should be brought, where standing addresses who may bring a suit; however, the two doctrines are related. *See Colwell v. HHS*, 558 F.3d 1112, 1123 (9th Cir. 2009). Indeed, in many cases, ripeness "coincides squarely with standing's injury in fact prong and can be characterized as standing on a timeline." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1122 (9th Cir.2009); *see also Bova v. City of Medford*, 564 F.3d 1093, 1096–97 (9th Cir.2009).

■ A court's role is "neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies consistent with the powers granted [by the] Constitution." *Stormans*, 586 F.3d at 1123. For the same reasons Plaintiffs have failed to al-

lege Article III standing, their claims in this case are not ripe. *See Thomas v. Union Carbide Agric. Prod., Co.*, 473 U.S. 568, 580–81, 105 S.Ct. 3325, 87 L.Ed.2d 409 (1985) (courts should refrain from deciding cases that "involve contingent future events that may not occur as anticipated, or indeed may not occur at all.")

■ While Plaintiffs are correct that a case may be constitutionally ripe for a declaratory judgment when the facts alleged show a controversy of sufficient immediacy and reality, and prudentially ripe when the issues are fit for decision and there is hardship to the parties of withholding decision, *see In re Coleman*, 560 F.3d at 1004–1007, here the Plaintiffs are asking this Court to declare rights in a hypothetical case. Indeed, Plaintiffs are speculating about harm they might suffer if Measure E is enforced, and asking this Court to declare the measure unconstitutional, when there is no real threat of immediate enforcement. *Bova v. City of Medford*, 564 F.3d 1093, 1096–97 (9th Cir. 2009); *accord Abbott Laboratories v. Gardner*, 387 U.S. 136, 148, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967), *overruled on other grounds* by *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). The allegations of the FAC do not sufficiently allege enforcement, or a genuine threat of enforcement, to make this case ripe. *See* FAC at ¶¶ 3, 6, 7, 10, 51–56, 61–64. Nor have Plaintiffs sufficiently alleged the hardship they will suffer from the withholding of judicial review by this Court. *See* FAC. The mere fact that Intervenors have initiated mandamus litigation against Plaintiffs in state court is not sufficient for this Court to find that a genuine threat of enforcement exists at this time. *See, e.g., Bova*, 564 F.3d 1093. First, Plaintiffs may be successful in defeating Intervenors' mandamus actions, and second, the party charged with enforc-

ing Measure E, i.e. the County, has given no indication to this Court or to Plaintiffs that it intends to proceed with its enforcement responsibilities under Measure E. Thus, it is clear that Plaintiffs' claim is premature.

For these reasons, Plaintiffs' challenge to Measure E is not ripe and must be dismissed. As with standing, the Court cannot say with certainty at this time that any further amendment would be futile. Accordingly, the Court will grant leave to amend.

### C. *Prudential Standing*

At the hearing and in their briefs, Intervenors argued that Plaintiffs lack prudential standing to maintain the instant action. Specifically, Intervenors contend that even with the addition of two out-of-state plaintiffs who allegedly haul waste to the Potrero Hills Landfill, the allegations of the FAC are insufficient to establish prudential standing, which Plaintiffs contested at the hearing. Intervenor SPRAWLDEF countered that if there is further factual support for Plaintiffs' conclusory allegations to establish prudential standing, then Plaintiffs should amend the FAC to include this concrete factual support. Hearing Transcript, Doc. # 84 at pgs. 31–32:16-13. Sierra Club, on the other hand, asserted that any amendment would be futile, because no party could, in good faith, allege that Measure E is, or should be, enforced against out-of-state waste. Without a showing that Measure E applies to in-state commerce, no out-of-state plaintiffs could show any injury. Hearing Transcript, Doc. # 84 at pgs. 32–33:16-6.

■ Separate from Article III standing requirements are "judicially self-imposed limits on the exercise of federal jurisdiction, founded in concern about the proper—and properly limited—role of the courts in a democratic society … commonly referred to as prudential standing."

*City of Los Angeles v. County of Kern,* 581 F.3d 841, 845 (9th Cir.2009). There are three prudential concerns: (1) whether a plaintiff's alleged injury falls within the "zone of interests" protected by statute or constitutional provision at issue; (2) whether the complaint raises nothing more than abstract questions, amounting to generalized grievances; and (3) whether the plaintiff is asserting his or her own legal rights and interests, rather than those of third parties. *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464, 474–75, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982).

Only the first prudential doctrine is at issue in this case, as it commonly governs claims "under the negative [ ] Commerce Clause…." *Kern,* 581 F.3d at 846. The "zone of interest" test is not met if a plaintiff's interests are marginally related to, or inconsistent with, the purposes implicit in the relevant constitutional provision. *Kern,* 581 F.3d at 847. The Ninth Circuit has recently reiterated that "[f]inancial injury, standing alone, does not implicate the zone of interests protected by the dormant Commerce Clause. That financial injury must somehow be tied to a barrier imposed on interstate commerce." *Id.* at 848.

■ The Court agrees with Intervenors that *Kern* is almost identical to the case at bar, and therefore dispositive. Indeed, like the plaintiffs in *Kern,* these Plaintiffs have failed to demonstrate that their interest is "somehow [ ] tied to a barrier imposed on interstate commerce." *Id.* The fact that there are two named out-of-state plaintiffs who are alleged to haul waste to Potrero Hills Landfill does not change this Court's conclusion, since there are no allegations in the FAC substantiating any of Plaintiffs' claims regarding Measure E's application to the out-of-state parties or

any effect of Measure E that is not financial. *Compare Individuals for Responsible Government, Inc. v. Washoe County,* 110 F.3d 699 (9th Cir.1997); *accord Kern,* 581 F.3d at 846–48.

Accordingly, the allegations of the FAC are insufficient to show how the injury to Plaintiffs goes beyond mere financial injury and meets the "zone of interest" test by burdening interstate commerce. While, as discussed at the hearing, it is speculative that Measure E will be ever enforced against out-of-state waste, the Court cannot say with certainty at this stage that amendment would be futile; thus the Court will allow Plaintiffs leave to amend.

D. *Remaining Issues*

As discussed above, the Ninth Circuit instructed this Court to consider the parties' additional arguments in support of and in opposition to the motions to dismiss. The parties raised a number of additional arguments which were discussed at length at the hearing and in the briefs, including *Pullman* abstention, *Colorado River* abstention, abstention pursuant to the Declaratory Judgment Act, and the validity and timeliness of Plaintiffs' facial challenge and as-applied challenge. These issues remain unaddressed and the Court need not reach them at this time due to its findings that Plaintiffs lack standing and the case is not ripe.

III. *ORDER*

For all the foregoing reasons, the Court hereby dismisses Plaintiffs' First Amended Complaint, without prejudice. If Plaintiffs elect to file an amended complaint, this Second Amended Complaint must be filed within twenty (20) days of the date of this Order. Responsive pleadings will be due within twenty (20) days of the filing of the Second Amended Complaint.

IT IS SO ORDERED.